**Ramchand JAGAROO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–04–00640–CR, 14–04–00641–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 23, 2005.

---

Sharon E. Slopis, Houston, for appellant.

Carmen Castillo Mitchell, Houston, for appellee.

Panel consists of Justices HEDGES, FROST, and MURPHY.*

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Ramchand Jagaroo was indicted in trial cause numbers 961,564 and

* Senior Chief Justice Paul C. Murphy sitting by assignment.

961,565 for intoxication manslaughter and intoxication assault, respectively. Each indictment contained an enhancement for appellant's prior felony conviction for driving while intoxicated ("DWI"). Appellant pled guilty to both offenses and pled true to the enhancements. The trial court assessed punishment at confinement for life for intoxication manslaughter, and twenty years' confinement for intoxication assault. Challenging his punishment in both cases, appellant asserts four issues on appeal. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2004, without an agreed recommendation, appellant pleaded guilty to both intoxication manslaughter and intoxication assault, and pleaded true to the enhancement paragraph, which contained his prior felony DWI conviction. Appellant testified that no one had forced him to plead guilty or true. He also stated that he entered his pleas freely and voluntarily. He acknowledged his understanding that he could be deported, but still wished to plead guilty. He further testified he understood the range of punishment for both offenses and acknowledged there were no plea bargains.

On June 25, 2004, the trial court conducted a Pre–Sentence Investigation (hereinafter referred to as "PSI") hearing in both cases. At that time, the court noted appellant had filed a motion to withdraw his pleas on the basis that they allegedly were not entered freely and voluntarily. Appellant testified he was not guilty of driving while intoxicated and he felt threatened by his prior attorney. The State responded that appellant entered his pleas freely and voluntarily and pointed out that appellant's blood alcohol was at .13 about an hour after the accident. In addition, several eyewitnesses stated the accident was appellant's fault. The evi-

dence showed appellant drove at a high rate of speed and wove his vehicle recklessly in and out of traffic. At the conclusion of the PSI hearing, the trial court found that appellant had used a deadly weapon in the commission of his offenses and assessed punishment at confinement for life for intoxication manslaughter, and twenty years' confinement for intoxication assault. The trial court also stated orally that the sentences were to run "consecutively," but the written judgment stated that the sentences were to run "concurrently."

Challenging his punishment, appellant asserts the following points for appellate review:

(1) He received ineffective assistance of counsel at his PSI hearing.

(2) The judgment should be reformed to delete the cumulation order where he received two sentences in a consolidated punishment hearing for the "same criminal action."

(3) His punishment is cruel and unusual.

(4) The trial court abused its discretion in denying his motion to withdraw his pleas.

For the reasons explained below, we reject appellant's arguments and affirm the trial court's judgment.

## II. ANALYSIS

### A. Was appellant denied effective assistance of counsel at his PSI hearing?

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. art. 1.051 (Vernon 2005). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);

*Ex parte Gonzales,* 945 S.W.2d 830, 835 (Tex.Crim.App.1997). To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland,* 466 U.S. at 688–92, 104 S.Ct. 2052. Moreover, appellant bears the burden of proving his claims by a preponderance of the evidence. *Jackson v. State,* 973 S.W.2d 954, 956 (Tex.Crim.App.1998).

In assessing appellant's claims, we apply a strong presumption that trial counsel was competent. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show trial counsel's performance was deficient. *See Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App.2002). If there is no hearing or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State,* 23 S.W.3d 198, 208–09 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd).

Though the Court of Criminal Appeals has stated it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy, that court has been inconsistent in describing the legal standard by which we should determine whether a particular case constitutes such a rarity. *See Andrews v. State,* 159 S.W.3d 98, 103 (Tex.Crim.App.2005) (stating facts

at hand presented a "rare case" in which ineffective assistance can be found on direct appeal based on a record silent as to counsel's trial strategy); *Andrews,* 159 S.W.3d at 104 (Keller, P.J., dissenting) (stating the Court of Criminal Appeals has been inconsistent in its approaches to ineffective assistance claims on direct appeal based on a silent record and indicating the court's approach in *Andrews* is inconsistent with its approach in *Freeman v. State,* 125 S.W.3d 505 (Tex.Crim.App.2003)); *see also Storr v. State,* 126 S.W.3d 647, 655–58 (Tex.App.-Houston [14th Dist.] 2004, pet ref'd) (Frost, J., dissenting) (stating that court should follow latest guidance from the Court of Criminal Appeals in *Freeman* ). The Court of Criminal Appeals recently indicated that appellate courts should find ineffective assistance as a matter of law if no reasonable trial strategy could justify trial counsel's conduct, regardless of whether the record adequately reflects trial counsel's subjective reasons for acting as she did. *See Andrews,* 159 S.W.3d at 102. Shortly thereafter, the Court of Criminal Appeals returned to an earlier formulation and stated that, absent an opportunity for trial counsel to explain her actions, appellate courts should not find ineffective assistance unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State,* —— S.W.3d ——, ——, 2005 WL 766996, at *2 (Tex.Crim.App. Apr.6, 2005) (quoting *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim. App.2001)). We follow the most recent pronouncement—the legal standard from *Goodspeed.*

In his first issue, appellant contends he was denied effective assistance of counsel at the PSI hearing because his counsel allegedly: (1) failed to object to victim impact testimony; (2) failed to present mitigating evidence; (3) made a prejudicial

closing argument; and (4) failed to object that his punishment was cruel and unusual. We find no merit in appellant's contentions, each of which is addressed individually.

### 1. Failure to Object to Victim Impact Testimony.

■ Appellant asserts his counsel should have objected to testimony by the victim and the victim's family members that was presented before the trial court assessed punishment. Appellant contends that failure to object to a victim impact statement made before sentencing under section 42.03 of the Texas Code of Criminal Procedure constitutes ineffective assistance of counsel and reversible error.[1] We disagree with appellant because article 42.03 does not restrict the information contained in a PSI report before the pronouncement of sentencing. *See Fryer v. State*, 68 S.W.3d 628 (Tex.Crim.App.2002) (holding victim impact statement statutes did not prohibit court from considering victim's recommendations in pre-sentence report).

■ At the PSI hearing, the State called the victim of the intoxication assault, the victim's sister, the victim's mother, and wife of the victim's father (who had died in the collision). These witnesses testified under oath and were cross-examined. This evidence was admissible and directly related to the offenses for which appellant had pleaded guilty. The procedures to be followed at the punishment stage of trial and the evidence that may be considered in determining punishment are the subject of article 37.07 of the Texas Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. Art. 37.07 (Vernon Supp.2004). This statute authorizes the admission of evidence in the punishment phase of trial as to any matter the court deems relevant to sentencing. *Id.* The circumstances of the offense are relevant to sentencing and may be considered by the trier of fact in determining the punishment to be assessed. *Murphy v. State*, 777 S.W.2d 44, 63 (Tex. Crim.App.1989). One circumstance of the offense that may be considered is the degree of injury to the victim so long as the fact finder may rationally attribute moral culpability to the accused for that injury. *Stavinoha v. State*, 808 S.W.2d 76, 78–79 (Tex.Crim.App.1991) (holding in aggravated sexual assault case that testimony regarding psychological trauma suffered by child victim and its physical manifestations properly admitted); *Miller–El v. State*, 782 S.W.2d 892, 896 (Tex.Crim.App.1990) (holding in attempted murder case that testimony regarding victim's medical prognosis properly admitted).

Appellant contends the facts of his case are similar to those in *Gifford v. State*, 980 S.W.2d 791 (Tex. App–Houston [14th Dist.] 1998, pet. ref'd). We disagree. In *Gifford*, a panel of this court held counsel rendered ineffective assistance at the pun-

---

1. Article 42.03 provides in pertinent part:

   (a) Except as provided in Article 42.14, sentence shall be pronounced in the defendant's presence.

   (b) The court shall permit a victim, close relative of a deceased victim, or guardian of a victim, as defined by Article 56.01 of this code, to appear in person to present to the court and to the defendant a statement of the person's views about the offense, the defendant, and the effect of the offense on the victim. The victim, relative, or guard-

   ian may not direct questions to the defendant while making the statement. The court reporter may not transcribe the statement. The statement must be made:

   (1) after punishment has been assessed and the court has determined whether or not to grant community supervision in the case;

   (2) after the court has announced the terms and conditions of the sentence; and

   (3) after sentence is pronounced.

   Tex.Code Crim. Proc. Ann. Art. 42.03 (Vernon Supp.2004).

ishment hearing in failing to object to victim impact statement made by a father of one of the victims prior to pronouncement of sentence, noting that if counsel had objected, the trial court would have erred in overruling such an objection. *See id.* at 794. However, the victim impact statement at issue in *Gifford* was not sworn or capable of being cross-examined.

The facts in this case are more like those in *Brown v. State,* in which the Third Court of Appeals held the victim's testimony about how the incident had impacted her life was admissible at the punishment hearing prior to punishment being assessed and pronouncement of the sentence. 875 S.W.2d 38, 40 (Tex.App.-Austin 1994, no pet.). The *Brown* court concluded that nothing in the text of article 42.03 suggests it was intended to prohibit the consideration of victim impact evidence in punishment. *Id.* The testimony in the case before us was given at the PSI hearing as part of the PSI report. The PSI report and letters from family and friends attached to the report contained the same information as the live testimony given at the hearing. The testimony offered by the victim and the victim's family was both sworn and subject to cross-examination. *See Payne v. Tennessee,* 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991); *Ford v. State,* 919 S.W.2d 107, 114 (Tex. Crim.App.1996). The trial court was authorized by statute to consider the PSI report and testimony prior to pronouncing punishment. *See* TEX.CODE CRIM. PROC. ANN. Art. 37.07 and 42.12 § 9 (Vernon Supp.2004) (stating that prior to imposition of sentence, the judge shall direct a supervision officer to report in writing on the circumstances of the offense charged, the amount of restitution necessary to compensate a victim, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge).

In addition, appellant failed to overcome the presumption that his counsel's actions were part of a strategic plan. *See Tong v. State,* 25 S.W.3d 707, 713–14 (Tex.Crim. App.2000), *cert. denied,* 532 U.S. 1053, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001) (holding counsel's failure to object to victim impact testimony and evidence was not ineffective assistance of counsel when the trial record was silent as to counsel's strategy).

We hold that appellant failed to show ineffective assistance of counsel based on his complaint that his counsel failed to object to testimony by the victim and the victim's family offered before the trial court assessed punishment.

### 2. Alleged Failure to Present Mitigating Evidence at Pre–Sentence Investigation Hearing

█ Appellant contends his counsel provided ineffective assistance by his failure to present mitigating evidence at the PSI hearing. Appellant argues that his counsel's actions are ineffective just as those found ineffective in *Milburn v. State,* a case in which a panel of this court held defense counsel's unreasonable failure to present any mitigating evidence at the punishment hearing was prejudicial, amounting to ineffective assistance of counsel. 15 S.W.3d 267, 270 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). The facts in *Milburn* are distinguishable from the facts in this appeal. In *Milburn,* the defendant filed a motion for new trial and the court held a hearing on that motion. 15 S.W.3d at 270. At the hearing, the defendant's counsel himself admitted that he had neither investigated nor evaluated the punishment evidence. *Id.* We held that the defendant demonstrated prejudice and that his counsel's failure to present any mitigating evidence deprived appellant

of the possibility of bringing out even a single mitigating factor. *Id.* at 271.

In contrast, appellant concedes his counsel procured positive letters on his behalf from employers, friends, and family members. These statements, as well as statements from appellant himself, were attached as an addendum to the PSI report, which was evaluated by the trial court before and during the PSI hearing. Moreover, appellant did not file a motion for new trial and points to nothing in the record to support his contention that other mitigating evidence should have been presented. In addition, appellant has not shown how testimony by live witnesses would have differed from the statements and letters attached to the PSI report. Consequently, appellant has not shown that his counsel's performance was deficient, or that he was prejudiced by his counsel's performance in this regard.

### 3. Counsel's Performance During Closing Argument

■ Appellant contends his counsel's performance was ineffective during closing argument and this action was prejudicial because his counsel stated "he had a difficult job" and "would not want to be in the position of the judge or of the Smith family." Appellant takes these statements out of context.

■ An ineffective-assistance-of-counsel claim cannot be based on a difference of opinion concerning strategy. It must be firmly found in the record. *Thompson,* 9 S.W.3d at 813. The record in this case is silent as to counsel's tactics or strategy concerning his closing argument. *See Lumpkin v. State,* 129 S.W.3d 659, 665 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd); *Duckworth v. State,* 89 S.W.3d 747, 752 (Tex.App.-Dallas 2002, no pet). Moreover, despite appellant's contention, his counsel's closing argument, when considered as a whole, tended to advance appellant's interests. Though appellant's counsel sympathized with the victims of the tragedy, he stated appellant was a good person, who made the mistake of driving while intoxicated, and did not intend to kill anyone. Viewing appellant's counsel's closing argument in its entirety, we conclude that appellant has not shown that his counsel's performance fell below the range of reasonable professional judgment, or that he was prejudiced by his counsel's performance.

### 4. Failure to Object on the Basis that Sentencing Allegedly Constitutes Cruel and Unusual Punishment

■ Finally, appellant contends his counsel was ineffective based on his counsel's failure to object that appellant's punishment was cruel and unusual. Appellant has not shown his counsel's failure to object was " 'so outrageous that no competent attorney would have engaged in it.' " *Goodspeed,* —— S.W.3d at ——, 2005 WL 766996, at *2.

Before this court may conclude counsel was ineffective for failure to make an objection, appellant must show the trial court would have erred in overruling the objection. *See Vaughn v. State,* 931 S.W.2d 564, 566 (Tex.Crim.App.1996). Appellant cannot make this showing because his sentence lies within the punishment range, and therefore is not cruel and unusual. It is not ineffective assistance for counsel to forego making frivolous arguments and objections. *See Edmond v. State,* 116 S.W.3d 110, 115 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd).

The record contains sufficient evidence to show any objection on the basis of cruel and unusual punishment would have been futile. Appellant was convicted of intoxication manslaughter, a second degree felony, and intoxication assault, a third degree

felony. *See* TEX. PEN.CODE ANN. §§ 49.08, 49.07 (Vernon 2003). Each indictment contained an enhancement paragraph to which appellant had pleaded "true." Appellant had been convicted twice before. Appellant already had been sentenced to three years' of confinement in 1994 for driving while intoxicated. He was rightfully sentenced as a habitual offender. *See* TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.2004). Due to the enhancement, a life sentence for a first-degree felony of intoxication manslaughter was not inappropriate nor was the punishment of twenty years' confinement for the intoxication assault. *See id.* at §§ 12.42(d), 12.42(a)(3). Appellant's punishment was assessed within the statutory range, and therefore is not cruel and unusual. *See Harris v. State,* 656 S.W.2d 481, 486 (Tex.Crim.App.1983); *Benjamin v. State,* 874 S.W.2d 132, 134–35 (Tex.App.-Houston [14th Dist.] 1994, no pet). Had trial counsel objected to the punishment as cruel and unusual, the trial court would not have erred in overruling the objection. Thus, appellant has not shown that he received ineffective assistance of counsel in this regard.

We conclude appellant did not receive ineffective assistance of counsel at his PSI hearing, and we overrule appellant's first issue.

**B. Should appellant's sentence be reformed to delete the cumulation order where he was sentenced to twenty years' confinement and life confinement in a consolidated punishment hearing?**

■ In his second issue, appellant contends the judgment must be reformed to delete the cumulation order because he received consecutive sentences at a consolidated punishment hearing. More specifically, he contends it was error for the trial court to impose consecutive sentences at a consolidated hearing for the "same criminal action." The State contends that because there is no written cumulation order, there is nothing for this court to reform. The State is correct.

■ When a defendant is sentenced on the same day in several causes, the sentences run concurrently unless the trial court, by order, expressly makes cumulative the several punishments. *Ex parte Applewhite,* 729 S.W.2d 706, 708 (Tex. Crim.App.1987). The terms of any cumulation order must be reflected in the judgment. TEX.CODE CRIM. PROC. ANN. Art. 42.01 § 1(19) (Vernon Supp.2004). This order *must* be in writing. *See Young v. State,* 579 S.W.2d 10 (Tex.Crim.App.1979) (emphasis added).

■ Moreover, when a conflict exists between a trial court's written order and its oral pronouncement at trial, the written order controls. *See Ablon v. State,* 537 S.W.2d 267, 269 (Tex.Crim.App.1976) (stating written probation revocation order controlled over court's oral pronouncement at hearing); *Eubanks v. State,* 599 S.W.2d 815, 817 (Tex.Crim.App.1980) (same); *Hubbard v. State,* 896 S.W.2d 359, 361 (Tex.App.-Houston [1st Dist.] 1995, no pet.) (holding that written judgment controlled over oral pronouncement); *Normand v. State,* 686 S.W.2d 275, 277–78 (Tex.App.-Houston [14th Dist.] 1985, pet. ref'd) (stating that written judgment controlled over oral pronouncement of sentence). This is particularly true when the written order is included in the appellate record and no issue is raised as to its accuracy. *Ablon,* 537 S.W.2d at 267. Oral cumulation orders entered pursuant to article 42.08 are void unless they are reflected in the written judgment. *Dutton v. State,* 836 S.W.2d 221, 228–29 (Tex.App.-Houston [14th Dist.] 1992, no pet.); TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon

Supp.1997). Thus, the written order in this case controls.

Appellant directs this court to the portion of the reporter's record at which the trial court orally pronounced the sentences would run consecutively. However, the written judgment provides as follows:

> IT IS ORDERED by the Court that this sentence runs concurrent [sic] with any other sentence(s) unless it is indicated on the Judgment Addendum that the sentence is to run cumulatively.

We conclude that because there is no written cumulation order, there is nothing for this court to reform. Appellant has failed to show any error. Accordingly, we overrule appellant's second issue.

## C. Is appellant's punishment cruel and unusual?

■ In his third issue, appellant contends his sentences were not proportional to the offenses committed, and thus violate his state and federal rights against cruel and unusual punishment. Appellant did not raise these complaints in the trial court, and thus has failed to preserve them for appellate review. *See* TEX.R.APP. P. 33.1(a); *Curry v. State,* 910 S.W.2d 490, 497 (Tex.Crim.App.1995) (holding cruel and unusual punishment complaint not preserved); *Nicholas v. State,* 56 S.W.3d 760, 768 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (holding "[t]he constitutional right to be free from cruel and unusual punishment may be waived."). In any event, even if appellant had preserved this complaint for review, we would overrule this issue based upon our analysis stated above in Section A, 4, above. Appellant's punishment was within the statutory range and does not violate the constitutional prohibitions on cruel and unusual punishment. *See Harris,* 656 S.W.2d at 486. Accordingly, we overrule appellant's third issue.

## D. Did the trial court abuse its discretion in denying appellant's motion to withdraw his pleas?

■ In his fourth issue, appellant contends the trial court abused its discretion in denying his motion to withdraw his guilty pleas to intoxication manslaughter and intoxication assault, and his pleas of "true" to the enhancements in the indictments.

■ We review a trial court's denial of a motion to withdraw a plea after a case is taken under advisement for abuse of discretion. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App.1979); *Moreno v. State,* 90 S.W.3d 887, 889 (Tex.App.-San Antonio 2002, no pet.). To show the trial court abused its discretion when it refused to allow appellant to withdraw his pleas, appellant must show the trial court's rulings lie outside the zone of reasonable disagreement. *See id.*

■ A defendant may withdraw his plea as a matter of right, without assigning a reason, until judgment is pronounced or the case is taken under advisement by the trial court. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App.1979). If, however, a defendant desires to withdraw his guilty plea after the court has taken the case under advisement, withdrawal of the plea is within the sound discretion of the court. *Id.* After a trial court has admonished a defendant, received the plea and evidence, and passed the case for presentence investigation, the case has been taken under advisement. *Rivera v. State,* 952 S.W.2d 34, 35 (Tex.App.-San Antonio 1997, no pet.). Appellant did not seek to withdraw his pleas until this case had been taken under advisement. Thus, he could not withdraw them as a matter of right.

■ At appellant's hearing on his pleas, he testified that no one had forced

him to plead guilty or forced him to plead true. He was not threatened or promised anything in return for his pleas. Appellant further testified he was entering the pleas freely and voluntarily and understood that a plea of guilty to the charged offenses could result in deportation. The trial court admonished appellant on the range of punishment for each offense. All parties agreed appellant did not have any plea agreements with the State as to punishment. Appellant freely and voluntarily signed the waiver of his constitutional rights, and signed the written admonishments only after reviewing the documents with his attorney. In addition, appellant waived his right to a jury trial and understood that once sentences were pronounced, he would not have the opportunity to plea "not guilty" or contest the charges.

Appellant's new counsel filed a motion to withdraw his pleas of guilty and pleas of true prior to the PSI hearing. Appellant stated he had felt pressured by his former attorney to enter the pleas. At the PSI hearing, the trial court allowed argument on this motion. The trial court, exercising its discretion, denied the motion. There is no evidence in the record to show an abuse of discretion by the trial court. *See De-Vary v. State,* 615 S.W.2d 739, 740 (Tex. Crim.App.1981) (holding the trial court did not abuse its discretion although the defendant had been admonished incorrectly on the punishment range); *Stancliff v. State,* 852 S.W.2d 639, 640–41 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd), *overruled on other grounds by Whitelaw v. State,* 29 S.W.3d 129 (Tex.Crim.App.2000) (holding that the trial court did not abuse its discretion in denying the defendant's request to withdraw his plea, although the accused claimed the report contained factually inaccurate material). Indeed, the record reflects appellant was properly admonished at his hearing and that he freely

and voluntarily entered his pleas. Accordingly, we overrule appellant's fourth issue.

Having overruled all of appellant's issues, we affirm the trial court's judgment.