In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00014-CR
______________________________


CANDY SIRMANS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2005-0763


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            A jury found Candy Sirmans guilty of misdemeanor driving while intoxicated (DWI) and
assessed her punishment at sixty days in jail probated for a period of two years. See Tex. Pen. Code
Ann. § 49.04 (Vernon 2003). On appeal, Sirmans contends the trial court erred by overruling her
requested jury instruction on the defense of necessity. We overrule this issue and affirm the trial
court's judgment.
            At trial, Sirmans admitted to driving after having consumed alcohol, but attempted to argue
that her conduct was necessary because her sister-in-law had received a telephone call from someone
asking Sirmans and her sister-in-law to come to a specific place to meet with law enforcement
officials. Apparently, Sirmans believed these law enforcement officials needed to talk to Sirmans
and her sister-in-law. Sirmans also testified she drove to the location "[b]ecause [she] was afraid if
[she] didn't . . . that [she] would be in trouble." She specified she was afraid the officers might issue
a warrant for her arrest if she did not go to their location. 
            Sirmans requested the trial court instruct the jury on the defense of necessity.


 Section 9.22
of the Texas Penal Code outlines the defense of necessity and requires the actor to reasonably believe
his or her conduct is "immediately necessary to avoid imminent harm . . . ." Tex. Pen. Code Ann.
§ 9.22 (Vernon 2003). That statute further requires the desirability and urgency of avoiding the harm
to "clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be
prevented by the law proscribing the conduct . . . ." Id.
            When evidence from any source raises a defensive issue, and the defendant properly requests
a jury charge on that issue, the trial court must submit the issue to the jury. When the evidence fails,
however, to raise a defensive issue, the trial court commits no error in refusing a requested
instruction. Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993).
            Sirmans' trial testimony neither remotely suggests, nor could a jury properly conclude, that
she had a reasonable belief that violating Texas' law against driving while intoxicated was
immediately necessary to avoid any imminent harm. The term "imminent" means "near at hand;
impending; threatening." Webster's New Dictionary 274 (Concise ed. 1990). The potential
harm—the issuance of an arrest warrant—cited by Sirmans to support her requested jury instruction
would have required a significant amount of time for processing and approval by a neutral magistrate
before coming to fruition. See Tex. Code Crim. Proc. Ann. arts. 1.06, 2.10, 7.01, 15.01, 15.02,
15.03 (Vernon 2005). Such harm, if a lawfully issued arrest warrant can properly be viewed as
harmful within the context of societal norms, was clearly not "near at hand." Nor do we believe that
the conduct of endangering others who might be simultaneously traversing the roadways with one
who is driving after "splitting a six-pack" with her sister-in-law could ever be more desirable than
possibly having a warrant issued for one's arrest in the remote future. See, e.g., Jagaroo v. State, 180
S.W.3d 793 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (deadly consequences of DWI; blood
alcohol level registered .13 about an hour after accident that killed one and injured another).
            The evidence is not adequate to raise an issue that Sirmans could reasonably believe that
driving while intoxicated was necessary. Sirmans could have—and certainly should have—asked
for someone else to drive her and her sister-in-law to the location of the law enforcement officials. 
It is also possible Sirmans could have contacted the officers directly by telephone and discussed the
matter over the telephone. She might also have been able to walk from her location to that of the
officers, as the record suggests they were only a mile down the road. Or, equally as probable,
Sirmans could have contacted the police by telephone and allowed them to drive to her location. 
Regardless, there were other, less dangerous options—ones that were certainly not illegal. 
            Accordingly, under the facts of this case, we cannot say Sirmans' testimony supported
instructing the jury on the defense of necessity. We believe no reasonable jury could conclude she
faced an imminent danger, no reasonable jury could conclude her conduct was immediately
necessary, and no reasonable jury could conclude her conduct was less dangerous than the perceived
harm she hoped to prevent. As such, we cannot say the trial court erred by refusing to submit her
requested jury instruction.
            We affirm the trial court's judgment.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          June 13, 2006
Date Decided:             June 20, 2006

Do Not Publish