In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-097 CR


NO. 09-06-098 CR


NO. 09-06-099 CR


NO. 09-06-100 CR


NO. 09-06-101 CR


______________________


 

DARRELL WAYLAND NICHOLS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas 


Trial Cause Nos. 95172, 95589, 96055, 96349 and 96702 






MEMORANDUM OPINION


 Darrell Wayland Nichols was convicted of five offenses of burglary of a building. (1) 
See Tex. Pen. Code Ann. § 30.02(a)(1),(2) (Vernon 2003). In trial cause numbers 95172
and 95589, Nichols pled guilty pursuant to plea bargains, and the trial court deferred
adjudication of guilt and placed him on community supervision. Subsequently, the State filed
motions to revoke; Nichols pled true to alleged probation violations; the trial court
adjudicated his guilt in both cases and sentenced him to one year in a state jail facility in each
case. On final sentencing, the trial judge orally pronounced in open court that the "Court will
run this sentence [trial cause number 95589] concurrent with your sentence and conviction
in Cause No. 95172." 

 In trial cause numbers 96349, 96702, and 96055, Nichols pled guilty without a plea
bargain. The trial court found him guilty in each cause number and sentenced him to one
year in a state jail facility in each case. The adjudications of guilt in all five cases occurred
on the same day; the trial court called each case separately and disposed of one before calling
the next. Four of the sentences (cause numbers 95172, 95589, 96349, and 96702) were
ordered to run concurrently. The trial court ordered the sentence in trial cause number 96055
to run consecutively to the four sentences running concurrently. 

 In each of the five cases, Nichols' counsel filed an Anders brief stating "[t]here are
no meritorious issues for appeal." Appellate counsel's briefs in appellate cause numbers 09-06-097 (trial cause number 95172), 09-06-098 (trial cause number 95589), 09-06-099 (trial
cause number 96055), 09-06-100 (trial cause number 96349), and 09-06-101 (trial cause
number 96702) meet the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967). Subsequently, Nichols filed a pro se brief raising three issues. 

 In his first issue, Nichols argues he was denied effective assistance of counsel at the
punishment stage because trial counsel did not object to the trial court's "refusal and failure
to consider mitigating evidence[.]" The record reveals the trial judge did not refuse to
consider mitigating evidence at the punishment stage. 

 In issue two, Nichols argues his "sentence in each case and the cumulated sentences"
constitute cruel and unusual punishment under both the United States and Texas
constitutions, and the punishments are grossly disproportionate to the crimes for which he
was convicted. Nichols did not raise this issue in the trial court. See Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App.1996) (claim of cruel and unusual punishment waived by
failure to object at trial); Keith v. State, 975 S.W.2d 433, 433-34 (Tex. App.-- Beaumont
1998, no pet.); Tex. R. App. P. 33.1. If the claim was preserved, the general rule is that the
punishment is not cruel and unusual if the punishment assessed is within the range prescribed
by the legislature. Samuel v. State, 477 S.W.2d 611, 614-15 (Tex. Crim. App. 1972);
Jagaroo v. State, 180 S.W.3d 793, 801 (Tex. App.--Houston [14th Dist.] 2005, pet. ref'd). 
Each of the burglary-of-a-building offenses, as charged in these cases, is a state jail felony
and carries a range of punishment of "not more than two years or less than 180 days." See
Tex. Pen. Code Ann. §§ 12.35(a), 30.02 (Vernon 2003). In each case, the trial judge
assessed punishment at one year in a state jail facility. The range of punishment for each
offense is within the range allowed by law. See id, §§ 12.35(a), 30.02. 

 Regarding the proportionality of a sentence, the reviewing court considers the gravity
of the offense and the harshness of the penalty. Keith, 975 S.W.2d at 434. Nichols did not
receive the maximum penalty for any of the offenses. Moreover, the trial court ordered the
sentences in trial cause numbers 95172, 95589, 96349, and 96702 to run concurrently. The
sentence in cause number 96055 was to commence only after the sentences in cause numbers
95172, 95589, 96349, and 96702 "ceased to operate[.]" See Tex. Code Crim. Proc. Ann.
art. 42.08 (Vernon 2006); Jagaroo, 180 S.W.3d at 801. 

 In issue three, Nichols argues trial counsel was ineffective at the punishment stage
because he did not object to the "cruel and unusual punishment assessed by the trial court[.]"
If the punishment assessed by the trial court was not cruel and unusual and the punishment
assessed was not disproportionate to the crimes committed, there was no need to object. See
Jagaroo, 180 S.W.3d at 801. 

 We have determined that this appeal is wholly frivolous. We have independently
examined the clerk's record and the reporter's record and find no reversible error. Nichols
may file a petition for discretionary review with the Texas Court of Criminal Appeals. See
Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). The trial court's judgment
is affirmed. Appointment of new counsel is not required. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). 

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on January 10, 2007

Opinion Delivered January 31, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, J.J
1. There was a sixth burglary-of-a-building conviction which Nichols challenged in a
brief on the merits. We consider that conviction in a separate appeal.