Affirmed and Memorandum Opinion filed October 1, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00420-CR

____________

 

DIMITRIUS A. GEORGE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris  County, Texas

Trial Court Cause No. 1079958

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Dimitrius A.
George, guilty of aggravated assault with a deadly weapon and sentenced him to
ten years= confinement in the Texas Department of Criminal
Justice, Institutional Division.  See Tex. Penal Code Ann. ' 22.02 (Vernon
2003).  In appellant=s sole issue, he argues he received
ineffective assistance of counsel because his trial counsel did not object to
hearsay statements as testimonial under Crawford v. Washington, 541 U.S.
36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).  We disagree. 








Factual and Procedural Background

The jury in appellant=s trial heard the
testimony of multiple witnesses regarding the alleged aggravated assault
occurring on August 2, 2006 at a Mobil gas station in Houston, Texas.  Of
particular importance to this appeal is the testimony of Houston Police Officer
Michael Thacker.  Officer Thacker was the first police officer to respond to
9-1-1 telephone calls made by the complainant, Edna Jacobs. Officer Thacker=s testimony
relayed witness Mark Prince=s statements about the circumstances at
the scene of the alleged offense.  Mark Prince did not testify at trial.    

 The complainant, Edna Jacobs, testified
that her daughter, Dominique Jacobs, and appellant had been dating for
approximately five or six years and have a two-year-old daughter together.  The
complainant told the jury that she and appellant did not have an amicable
relationship due to the way appellant treated her daughter, Dominique.  On
August 1, 2006, the day before the events in question, appellant and Dominique
engaged in an argument where appellant allegedly hit Dominique, giving her a
black eye.  The next morning, August 2, 2006, Dominique and her mother, the
complainant, went to the police station to press charges against appellant for
assaulting Dominique.








After returning from the police station,
Dominique and the complainant stopped by the local neighborhood Mobil gas
station to refill the complainant=s car with gas. 
When the complainant walked inside to pay for the gas, she saw appellant in the
store.  Appellant demanded to know whether the complainant or Dominique had
filed charges against him for his actions the night before.  After appellant
noticed Dominique standing outside the store, appellant charged towards
Dominique and began yelling at her and asking her whether she had pressed charges
against him.  The complainant followed appellant outside the store and told
appellant that Dominique had pressed charges against him.  Appellant and
complainant got into a heated argument.  The complainant attempted to call
9-1-1 from her cellular phone.  While waiting for the 9-1-1 operator to answer,
the complainant asked other patrons of the Mobil station if they knew the
station=s address, so she
could inform the 9-1-1 operator.  Eventually, Mark Prince told complainant the
address.  Appellant, apparently angered by Prince=s assistance,
punched Prince in the eye.  Appellant and the complainant continued to argue,
until appellant became so enraged that he threw his bicycle through Prince=s car windshield. 
There is some conflicting testimony, but after throwing the bicycle, appellant
allegedly ran around the corner of the Mobil station.  Prince told Officer
Thacker that he chased appellant around the corner and appellant pulled out a
weapon and shot several times in the air.  The complainant testified that
appellant ran around the corner of the store, came back a few minutes later,
and began shooting a firearm in her direction.  Soon after the gunshots were
fired, appellant fled the scene and Officer Thacker arrived.  

When Officer Thacker arrived at the Mobil
station he immediately noticed that Prince was bleeding.  Prince told Officer
Thacker that while he was at the Mobil station, the complainant had come
running up to him asking for directions to the Mobil station.  Prince told
Officer Thacker that after responding to complainant with the address,
appellant punched Prince in the eye and threw a bicycle into Prince=s car windshield. 
Prince told Officer Thacker that he chased after appellant, and that appellant
pulled out a weapon and shot several times in the air.  

At trial, Officer Thacker testified to
what Prince told him.  Appellant=s counsel objected
to Officer Thacker=s testimony as hearsay.  The trial court
sustained counsel=s initial objection to hearsay.  The State
responded by arguing it had laid the foundation for the excited utterance
exception to hearsay.  The trial court agreed with the State and allowed
Officer Thacker to tell the jury Prince=s version of the
events.  

The jury convicted appellant of aggravated
assault and assessed punishment at ten years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  This appeal
followed. 








Discussion 

In appellant=s sole issue on
appeal, he argues he received ineffective assistance of counsel.  Specifically,
appellant argues his trial counsel should have objected to Officer Thacker=s hearsay
statements under the ACrawford line of cases@ as being
testimonial.[1] 
Appellant notes counsel did object to the testimony as inadmissible hearsay,
but that the trial court overruled his objection under the excited utterance
exception.[2] 
Appellant argues counsel should have made a second objection under Crawford. 
The relevant part of the record reads as follows:

THE STATE:                   When
you arrived [at the Mobil station], were there any people there to meet you?

OFFICER THACKER:      Yes,
ma=am.

THE STATE:                   And
who were those people?

OFFICER THACKER:      The
complainant that got hit and then two witnesses.[3]

THE STATE:                   And
who are B what are those people=s names?

OFFICER THACKER:      The
complainant was Mark Prince and the witness was Dominique Jacobs and Edna
Jacobs.

THE STATE:                   And
did you see all of those people there when you got there?

OFFICER THACKER:      Yes,
ma=am.

THE STATE:                   Can
you describe to the jury what those people looked like when you got there?








OFFICER THACKER:      Well,
the male, Mark Prince, he had a cut on his eye.  And he was walking around
telling that B you know, somebody B

DEFENSE COUNSEL:     Objection,
hearsay.

THE STATE:                   You
can=t say what anybody said.

OFFICER THACKER:      Okay.

THE STATE:                   Just
what did they look like?  He had a cut on his eye?

OFFICER THACKER:      He
had a cut on his eye and he was bleeding.

THE STATE:                   Was
he calm or was he upset?

OFFICER THACKER:      He
was excited.

THE STATE:                   And
from what you understood, did you understand that the incident had just
occurred?

OFFICER THACKER:      Yes,
ma=am.

THE STATE:                   And
so he was excited and when you went up to him, what did he tell you?

DEFENSE COUNSEL:     Objection,
hearsay, Your Honor.

THE STATE:                   Judge,
we have laid the predicate for the excited utterance.

THE COURT:                  I
will allow it.

OFFICER THACKER:      He
just stated to me that female came up to him in the parking lot asking
directions and then all of a sudden, this young male come running up, started
yelling, screaming, hit him in the eye, picked up a bicycle, threw it into his
windshield and took off running around the store.

THE STATE:                   Okay.
Did you see a bicycle there?

OFFICER THACKER:      Yes,
ma=am, there was one there.

THE STATE:                  And
where B did you see his windshield?

OFFICER THACKER:      Yes,
ma=am.

THE STATE:                   Had
it been damaged?

OFFICER THACKER:      Yes,
ma=am.

THE STATE:                   Did
he tell you that he saw anything else that day at the Mobil station?








OFFICER THACKER:      He
said B

DEFENSE COUNSEL:     Objection,
hearsay, Your Honor.

THE COURT:                  Sustained.

THE STATE:                   When
he was continuing to talk to you, was he still upset?

OFFICER THACKER:      Yes,
ma=am.

THE STATE:                   Was
this all in the same conversation when he told you what else had happened?

OFFICER THACKER:      Yes,
ma=am.

THE STATE:                   Okay. 
And he was still excited?

OFFICER THACKER:      Yes,
ma=am.

THE STATE:                   And
then what did he tell you?

DEFENSE COUNSEL:     Objection,
hearsay, Your Honor.

THE COURT:                  I
will allow it.

OFFICER THACKER:      He
stated to me that he started to chase after the suspect and as he went around
the corner of the store, the suspect pulled a weapon and shot several times in
the air.  And he stopped, went back and called the police. 

Appellant contends his trial counsel should have made
further objections to Officer Thacker=s testimony and
that his failure to do so resulted in appellant being deprived of his Sixth
Amendment right to effective representation.  

I.        Standard of Review and Applicable Law








Before this court may conclude counsel was
ineffective for failure to make an objection, appellant must show the trial
court would have erred in overruling the objection.  See Vaughn v. State,
931 S.W.2d 564, 566 (Tex.
Crim. App. 1996); Jagaroo v. State,180 S.W.3d 793, 800 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d) (trial counsel=s failure to
object did not amount to ineffective assistance of counsel where objection
would have been futile); Edmond v. State, 116 S.W.3d 110, 115 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (trial counsel
is not ineffective for failing to make a frivolous objection); Cooper v.
State, 707 S.W.2d 686, 689 (Tex. App.CHouston [1st Dist.] 1986, writ ref=d) (failure to
object to admissible evidence is not ineffective assistance of counsel).  In
this case, the trial court would have erred in overruling appellant=s objection under Crawford
if Officer Thacker=s hearsay statements were testimonial. 
However, if the statements were not testimonial, the trial court would not have
erred in overruling an objection under Crawford and appellant cannot
show counsel=s performance was deficient.  Therefore, we must
address whether the hearsay statements were testimonial under Crawford.

We review a constitutional legal ruling, i.e.
whether a statement is testimonial or nontestimonial, de novo.  Wall v. State, 184 S.W.3d 730, 742 (Tex. Crim.
App. 2006).  This is particularly so because the legal ruling of whether a statement
is testimonial under Crawford is determined by the standard of an
objectively reasonable declarant standing in the shoes of the actual declarant. 
Id.  

The Confrontation Clause of the Sixth
Amendment guarantees that, A[i]n all criminal prosecutions the accused
shall enjoy the right . . . to be confronted with the witnesses against him.@  U.S. Const. amend. VI.  In Crawford
v. Washington, the Supreme Court held that the Confrontation Clause Awould not have
allowed admission of testimonial statements of a witness who did not appear at
trial unless he was unavailable to testify, and the defendant had a prior
opportunity for cross examination.@  Crawford,
541 U.S. at 53B54.  In the instant case, appellant did not have a
prior opportunity to cross-examine Prince.  The Crawford Court declined
to define the term Atestimonial@ but indicated
that, at a minimum, the term encompasses certain categories of statements,
including those Ataken by police officers in the course of
interrogations.@  Id. at 52.  However, two years
after Crawford the Supreme Court held that some statements that result
from police interrogation are nevertheless nontestimonial.  Davis v.
Washington, 547 U.S. 813, 822, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006). 
The Court expounded on this idea as follows:








Statements
are nontestimonial when made in the course of police interrogation under
circumstances objectively indicating that the primary purpose of the
interrogation is to enable police assistance to meet an ongoing emergency. 
They are testimonial when the circumstances objectively indicate that there is
no such ongoing emergency, and that the primary purpose of the interrogation is
to establish or prove past events potentially relevant to later criminal
prosecution.  

Id. at 822.  Thus,
we must determine whether circumstances were present when Prince spoke with
Officer Thacker that would objectively indicate the existence of an ongoing
emergency.  See Vinson v. State, 252 S.W.3d 336, 338 (Tex. Crim. App. 2008).  In
deciding this question, we review the totality of the circumstances and may
consider several non-exclusive factors, including:

(1) whether
the event was still ongoing;

(2) whether
the questions sought to determine what was presently happening, as opposed to
what had happened in the past;

(3) whether
the primary purpose of the questioning was to render aid, and not simply
memorialize a possible crime; 

(4) whether
the questioning was conducted in an environment that was tranquil and safe; and


(5) whether
the events were deliberately retold in a step-by-step fashion.  

Id. at 339 (citing Davis,
547 U.S. at 827); Dixon v. State, 244 S.W.3d 472, 482 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d).  

II.       Analysis








Officer Thacker was the first police
officer to arrive at the scene.  There is testimony from the complainant that
Officer Thacker arrived approximately three or four minutes after the gun shots
were fired.  At the time Officer Thacker arrived, appellant=s whereabouts were
unknown to Prince or Officer Thacker.  The record reflects appellant was likely
traveling by footBhis former mode of transportation, namely
his bicycle, had been thrown through Prince=s car windshield. 
Prince=s eye was bleeding
and he appeared upset.  Officer Thacker testified that he understood the
incident had just taken place.  There is nothing in the record reflecting that
Officer Thacker probed or pushed Prince for details about the incident.  In
Vinson, the Court of Criminal Appeals held that statements made before
the appellant had been secured by the police were nontestimonial because the
police officer was  still assessing the situation and therefore an emergency
situation was ongoing.  Vinson, 252 S.W.3d at 339B40.  However,
statements made after the appellant had been secured were held testimonial.  Id.
at 341B42.  In Dixon,
we held statements were nontestimonial where the hearsay statements were
elicited by a 9-1-1 operator trying to determine whether the declarant was in
need of medical assistance or was in danger of a continuing threat.  Dixon,
244 S.W.3d at 485.  The Fort Worth Court of Appeals held where an officer=s preliminary
questions were motivated by a need to secure the scene, the declarant=s response was
nontestimonial.  Martinez v. State, 236 S.W.3d 361, 375 (Tex. App.CFort Worth 2007, pet. dism=d). 

In the case at bar, Prince=s statements to
Officer Thacker were made to inform Officer Thacker about the status of the
incident.  Neither Prince nor any  other witnesse knew where appellant was, but
they were aware he had a loaded firearm.  Because appellant had destroyed his
mode of transportation, it was likely he had not gone far and could still be in
the immediate area, posing a threat to the safety of everyone at the Mobil
station.  Officer Thacker was not questioning Prince about specifics of the
crime.  Rather, he was  listening to determine what needed to be done to secure
the scene.  Accordingly, we hold Prince=s statements to
Officer Thacker were nontestimonial in nature.  

Because the hearsay statements admitted at
trial were nontestimonial, an objection under Crawford would not have
been successful.  We cannot conclude counsel was ineffective for failing to
make an objection where appellant has failed to show the trial court would have
erred in overruling the objection.  See Jagaroo, 180 S.W.3d at 800. 
Accordingly, we overrule appellant=s sole issue on
appeal.   








Conclusion

Having overruled appellant=s sole issue on
appeal, we affirm the judgment of the trial court.

 

 

 

 

/s/      John
S. Anderson

Justice

 

 

 

 

 

Panel consists of Justices Anderson, Guzman, and Boyce.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 









[1]  In Crawford, the Supreme Court held that Atestimonial@
hearsay statements are inadmissible unless the declarant is unavailable and
there has been an opportunity for cross-examination.  Crawford, 541 U.S.
at 53B54.





[2]  See Tex. R. Evid. 803(2), which reads, AA statement relating to a startling event or condition
made while the declarant was under the stress of excitement caused by the event
or condition@ is not excluded by the hearsay rule, regardless of
whether the declarant testifies as a witness.  





[3]  Although Officer Thacker refers to Mark Prince as
the complainant, the actual complainant in this case is Edna Jacobs.  Mark
Prince was a witness to the events in question and his statements to Officer
Thacker are the basis of this appeal.