**Affirmed and Opinion filed October 13, 2011.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————————

## NO. 14-11-00432-CR
———————————

### CLAUDIA CORTEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 1121765**

---

## O P I N I O N

Appellant entered a plea of guilty to murder.   The trial court sentenced appellant on May 13, 2011, to confinement for life in the Institutional Division of the Texas Department of Criminal Justice.

In two issues, appellant claims her sentence was grossly disproportionate to the offense underlying the conviction, resulting in cruel and unusual punishment in violation of the United States and Texas constitutions.[1]   To preserve for appellate review a

---

[1] Appellant does not contest that her sentence was within the applicable statutory range. *See* Tex. Penal Code Ann. §§ 12.32 and 19.02(b)(1) (West 2011).

complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* Tex.R.App. P. 33.1(a); *Rhoades v. State,* 934 S.W.2d 113, 120 (Tex.Crim.App.1996) (defendant waived any error because he presented his argument for first time on appeal); *Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex. App. -- Houston [14th Dist.] 2005, pet. ref'd*)* (defendant did not raise complaints that his sentences violated his state and federal rights against cruel and unusual punishment in the trial court, and thus failed to preserve them for appellate review).

The claim presented on appeal was not raised in a post-verdict motion filed with the trial court. In her brief appellant claims she "objected to the severity of the sentence in the trial court by objecting to imposition of a life sentence." The record reflects the trial court found appellant guilty and assessed punishment at life. The trial court then asked appellant if she had anything to say before sentence was pronounced and appellant stated, "Just forgive me. Please don't give me life."

Appellant's plea for mercy is not an objection to the sentence assessed. More importantly, appellant did not state the legal basis for the complaint raised on appeal. *See Rezac v. State,* 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). At no time, nor in any manner, did appellant argue to the trial court that her sentence violated the Eighth Amendment of the United States Constitution or section 13 of the Texas Constitution. Accordingly, nothing is preserved for our review. *See Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App. – Houston [1st Dist.] 2007, pet. ref'd). (reference to an "illegal or oppressive verdict" in heading of motion for new trial appealed to trial court's discretion to grant a new trial and did not preserve defendant's Eighth Amendment complaint for review).

We overrule appellant's issues and affirm the trial court's judgment.

PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).