**Affirmed and Memorandum Opinion filed February 12, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00989-CR

---

## RODOLFO QUINTERO, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 10
Harris County, Texas
Trial Court Cause No. 2127783**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Rodolfo Quintero of resisting arrest. In a single issue, appellant challenges his conviction on the basis that his trial counsel provided ineffective assistance. Because the record does not support appellant's assertion of ineffective assistance, and appellant has not demonstrated prejudice in any event, we affirm the trial court's judgment.

**Background**

The Harris County District Attorney charged appellant by information with the misdemeanor offense of resisting arrest.[1] The State alleged that appellant intentionally obstructed a peace officer from arresting appellant by pushing the officer with his hand. Appellant pleaded not guilty, and the case went to trial, where the following facts were established.

In the early morning hours of February 22, 2015, Houston Police Department Officer Aaron Richberg was working an off-duty security job at a sports bar where appellant was present. Appellant and two or three other males were loudly causing a scene and appeared to make unwanted advances toward a woman. Officer Richberg approached appellant's group and "was attempting to talk to [appellant] when [Officer Richberg] was pushed by [appellant]." Appellant then hurled invectives at the officer, including a racial slur. Officer Richberg attempted to arrest appellant for public intoxication, but appellant "actively resist[ed]" Officer Richberg's attempts. Appellant pushed and punched the officer. A struggle ensued and Officer Richberg deployed his taser. Appellant attempted to remove the taser prong, so Officer Richberg fired his taser again. Officer Richberg ultimately handcuffed appellant with assistance from another officer.

At the charge conference, appellant's counsel requested inclusion in the jury charge of an instruction on disorderly conduct. Counsel argued to the trial court that disorderly conduct was a lesser included offense of resisting arrest, and the State argued it was not. The trial court denied defense counsel's request.

---

[1] *See* Tex. Penal Code § 38.03.

The jury found appellant guilty of the charged offense, and the trial court sentenced appellant to 210 days' confinement in county jail. Appellant did not file a motion for new trial.

This appeal timely followed.

## Analysis

In a single issue, appellant argues that his counsel failed to provide effective assistance at trial. Appellant claims that his counsel's decision to request a jury instruction on disorderly conduct was not reasonable strategy because disorderly conduct is not a lesser included offense of resisting arrest. Further, though the trial court denied the instruction to which appellant contends he was not entitled anyway, appellant argues on appeal that his counsel's decision to request the instruction prejudiced him.

### A. Applicable Law and Standard of Review

Both the United States Constitution and the Texas Constitution guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see also* Tex. Code Crim. Proc. art. 1.051. This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prevail on a claim of ineffective assistance, an appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient by falling below an objective standard of reasonableness and (2) counsel's deficiency caused the appellant prejudice such that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687-88, 694; *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). Failure to make the required showing of either deficient performance or sufficient prejudice

3

defeats the claim of ineffectiveness.  *Strickland*, 466 U.S. at 697; *see also Jagaroo v. State*, 180 S.W.3d 793, 797 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

Our review of trial counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable professional assistance. *See Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007); *Donald v. State*, 543 S.W.3d 466, 477 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (op. on reh'g); *see also Valdez v. State*, No. AP-77,042, 2018 WL 3046403, at *25 (Tex. Crim. App. June 20, 2018) (not designated for publication); *Luna v. State*, No. 14-16-00844-CV, 2018 WL 1414175, at *1 (Tex. App.—Houston [14th Dist.] Mar. 22, 2018, no pet.) (mem. op., not designated for publication).  If counsel's reasons for his or her conduct do not appear in the record and there exists at least the possibility that the conduct could have been grounded in legitimate trial strategy, we defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal.  *See Garza*, 213 S.W.3d at 348; *see also Valdez,* 2018 WL 3046403, at *25.  The Court of Criminal Appeals has also stated that if counsel has not had an opportunity to explain his or her actions, we may not find deficient performance unless the conduct was "so outrageous that no competent attorney would have engaged in it."  *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  In the majority of cases, the record on direct appeal is simply undeveloped and insufficient to permit a reviewing court to fairly evaluate the merits of an ineffective assistance of counsel claim.  *See Luna*, 2018 WL 1414175, at *1.

## B.     Application

Appellant contends that his counsel performed deficiently by requesting a jury instruction for disorderly conduct, which counsel argued was a lesser included offense of the resisting arrest offense charged.  One instance of a lesser included offense is "established by proof of the same or less than all of the facts required to establish the

4

commission of the offense charged." Tex. Code Crim. Proc. art. 37.09(1). A person commits the offense of resisting arrest "if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another." Tex. Penal Code § 38.03(a). A person commits the offense of disorderly conduct if, *inter alia*, he intentionally or knowingly "abuses or threatens a person in a public place in an obviously offensive manner" or "fights with another in a public place." *Id.* § 42.01(a)(4), (a)(6). Appellant contends that disorderly conduct requires proof that the conduct occurred in "a public place," whereas resisting arrest does not require such proof, and therefore disorderly conduct is not a lesser included offense of resisting arrest. Appellant asserts that "[n]o reasonable trial strategy can justify [counsel's] decision to ask for a lesser included instruction that was so clearly inapplicable to this case."

Appellant did not file a motion for new trial and thus no allegations of ineffective assistance were presented to the trial court. Appellant's counsel, therefore, has not been afforded the opportunity to explain why he asked for an instruction regarding disorderly conduct. "We presume that counsel made a reasonable and strategic decision about how to conduct the defense, including whether to ask for particular jury instructions." *Guerrero v. State*, No. 12-09-00350-CR, 2010 WL 2784431, at *2 (Tex. App.—Tyler July 14, 2010, pet. ref'd) (mem. op., not designated for publication). Moreover, it is possible that counsel's decision to seek a lesser included offense instruction was grounded in legitimate trial strategy regardless whether disorderly conduct is a lesser included offense of resisting arrest;[2] if the trial court had granted the request, the jury might have found appellant guilty of a lesser crime and appellant could

---

[2] We need not decide whether appellant is correct that disorderly conduct is not a lesser included offense of resisting arrest, given our disposition of his issue.

5

have faced a lesser sentence. *See Valdez*, 2018 WL 3046403, at *25 (citing *Hathorn v. State*, 848 S.W.2d 101, 118 (Tex. Crim. App. 1992) and noting *Hathorn*'s holding that conceding defendant's guilt of a lesser included offense is a reasonable trial tactic); *Guzman v. State*, 539 S.W.3d 394, 408 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) ("[A]ttempting to persuade a jury to convict a defendant of a lesser-included offense has routinely been held to constitute a reasonable trial strategy."). On a silent record, we are unwilling to conclude that requesting a lesser included offense instruction, even if ultimately inapplicable to the case, is "so outrageous that no competent attorney would have engaged in it." *Luna*, 2018 WL 1414175, at *2; *see also Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006) (a sound trial strategy may be executed imperfectly, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel). Because counsel's reasons for his actions do not appear in the record and it is at least possible that counsel's conduct was grounded in a legitimate trial strategy, we are unable to sufficiently analyze appellant's claim of deficient performance. *See Washington v. State*, 417 S.W.3d 713, 726 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (determining that defendant "failed to show deficient performance" because "[t]he decision to not request a lesser included could have been strategic" and because "the record contains no explanation for trial counsel's failure to request a manslaughter instruction").

Moreover, assuming for argument's sake that counsel's performance was deficient, appellant has failed to demonstrate prejudice under *Strickland*'s second prong. The extent of appellant's argument as to prejudice is his statement that

> [t]rial counsel's deficient performance by relying on a lesser included instruction he was not entitled to as trial strategy prejudiced the outcome of the case as it misguided Appellant about the viability of his possible defenses at trial.

This conclusory assertion is insufficient to establish prejudice by a preponderance of the evidence. *See Luna*, 2018 WL 1414175, at *1. In fact, faced with a similar argument as appellant makes here, the Court of Criminal Appeals has noted that "it certainly did not harm" a defendant for his counsel to obtain an inapplicable lesser included offense instruction. *Ex parte Thompson*, 179 S.W.3d 549, 558 (Tex. Crim. App. 2005); *see also Darnell v. State*, No. 14-11-00437-CR, 2012 WL 626318, at *3 (Tex. App.—Houston [14th Dist.] Feb. 28, 2012, no pet.) (mem. op., not designated for publication) (rejecting appellant's argument that counsel provided ineffective assistance by asking for an inapplicable lesser included offense charge because appellant "failed to demonstrate any prejudice"). If it is not prejudicial to a defendant for counsel to successfully secure a jury instruction on an inapplicable lesser included offense, then it is also not prejudicial for counsel to request one and be denied, at least when, as here, the record on direct appeal is undeveloped.

Because appellant failed to prove either deficient performance or sufficient prejudice, we hold that appellant has not shown that his counsel provided constitutionally ineffective assistance. We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.


/s/     Kevin Jewell
            Justice


Panel consists of Justices Christopher, Jewell, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).