Opinion issued April 3, 2008








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00471-CR




DAVID MARLON DELGADO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 412th District Court 
Brazoria County, Texas
Trial Court Cause No. 52,391




MEMORANDUM OPINION

          Appellant, David Marlon Delgado, was charged by indictment with the offense
of aggravated robbery, enhanced by three prior felony convictions.


 Appellant
pleaded not guilty to the primary offense and pleaded “true” to the enhancements. A
jury found him guilty as charged, found the enhancements true, and assessed
punishment at 33 years’ confinement.
          On appeal, appellant presents five points of error. In his first point of error,
appellant contends that he was denied his right to effective counsel. In his second
through fifth points of error, appellant contends that certain prior convictions were
improperly admitted during punishment. 
          We affirm.
Background
          On January 23, 2006, the complainant, 73-year-old Elizabeth Robinson, was
working at her home in Clute, Texas, when a man, described as a “light-skinned
Hispanic,” with an accent and a gold tooth, and who was later identified as appellant,
rang her doorbell and asked if he could mow her lawn. Robinson declined. About
fifteen minutes later, Robinson discovered appellant standing in her garage. Again,
appellant asked about mowing her lawn, and Robinson declined. Robinson could
smell alcohol on appellant. 
          As Robinson moved to try to get into her house, appellant grabbed her by her
shirt and pushed her into the door leading inside Robinson’s house. Robinson fell,
striking her face on a baseboard. Robinson got to her feet as appellant moved in
behind her, put a sharp object to her throat, and demanded money. Robinson went
to her purse, pulled out her wallet, and turned around. Appellant removed Robinson’s
money, which was approximately $70, then told Robinson to get down on the floor
on her stomach and to put her hands behind her back. Appellant told Robinson that
he had killed people in the past and that he would kill her. Appellant then tied
Robinson’s hands with a telephone cord and left through the garage.
          The next day, Robinson provided a physical description of the assailant to V.
Kraemer, a criminal investigator with the district attorney’s office, who composed a
forensic sketch. Detective Sergeant S. Harris of the Clute Police Department assisted
in a live line-up, from which Robinson identified appellant as the perpetrator.
          At trial, appellant’s former girlfriend, Rosie Watts, testified that, on the day of
the incident, she and appellant were staying at the Pam Motel. The Pam Motel is
located 500 to 700 feet from Robinson’s home. Watts testified that, on that day, she
and appellant had been arguing, that they needed money, that appellant had consumed
beer, and that appellant had left several times. Watts also testified that appellant has
a gold tooth. Watts testified that she and appellant called appellant’s daughter that
evening to come and get them. 
          Appellant’s daughter, Stephanie Delgado, testified that appellant had contacted
her in the days prior to the incident asking for money and that she did not have any
to offer. Delgado testified that, on the evening of the incident, appellant asked her
to come and get him, that she picked appellant and Watts up from the Pam Motel, and
that appellant had $80.00 in his possession.
          The jury returned a verdict of guilty, found the enhancements true, and
assessed punishment at 33 years’ confinement. On May 8, 2007, the trial court
entered judgment on the jury’s verdict. On May 25, 2007, the trial court granted the
motion of appellant’s trial counsel, Mark Racer, to withdraw. On May 29, 2007,
Rhonda J. Session was appointed to represent appellant on appeal. There was not a
motion for new trial. This appeal followed.
Ineffective Assistance of Counsel
          In his first point of error, appellant contends that he was denied effective
assistance of counsel. Specifically, appellant contends that his trial counsel, Racer,
(1) failed “to file pre-trial motions for discovery and suppression of and/or make
objection at trial to the admission of” certain evidence; (2) failed to spend an
adequate amount of time preparing for trial; (3) failed to challenge or strike a member
of the venire who demonstrated bias; (4) failed to subpoena a police officer who
conducted a photo line-up; (5) failed to adequately cross-examine a police officer
involved in the live line-up; and (6) failed to object to the admission of prior
convictions during punishment. 
A.      Standard of Review
          Appellant was entitled to reasonably effective assistance of counsel. U.S. 
Const. amend. VI; Tex. Const. art. I, § 10. The right to counsel, however, does not
mean the right to errorless counsel. Robertson v. State, 187 S.W.3d 475, 483 (Tex.
Crim. App. 2006). To prove ineffective assistance of counsel, appellant must show
that (1) counsel’s performance fell below an objective standard of reasonableness and
(2) but for counsel’s unprofessional error, there is a reasonable probability that the
result of the proceeding would have been different. Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Hernandez v. State, 988 S.W.2d 770,
770 n.3 (Tex. Crim. App. 1999). “Reasonable probability” means a “probability
sufficient to undermine confidence in the outcome.” 466 U.S. at 694, 104 S. Ct. at
2068. 
          To prevail, appellant must prove ineffective assistance by a preponderance of
the evidence. Robertson, 187 S.W.3d at 483. Appellant must overcome the strong
presumption that counsel’s conduct falls within the wide range of reasonably
professional assistance or might reasonably be considered sound trial strategy. Id. at
482; Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no
pet.).
          As the reviewing court, we consider the totality of the representation and the
circumstances of the case. Robertson, 187 S.W.3d at 483. Isolated instances of errors
of commission or omission will not render counsel’s performance ineffective. Id. We
consider the adequacy of assistance as viewed at the time of trial, not through
hindsight. Id. 
          Allegations of ineffectiveness must be firmly founded in the record. Bone v.
State, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002). Ordinarily, the record on
direct appeal is undeveloped and cannot adequately reflect the motives behind trial
counsel’s actions. Rylander v. State, 101 S.W.3d 107, 110–11 (Tex. Crim. App.
2003). In the absence of evidence of counsel’s reasons for the challenged conduct,
an appellate court should not find deficient performance unless the conduct was so
outrageous that no competent attorney would have engaged in it. Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005). However, in the “rare cases” in which
“the record is sufficient to prove that counsel’s performance was deficient, an
appellate court should obviously address the claim.” Robinson v. State, 16 S.W.3d
808, 813 n.7 (Tex. Crim. App. 2000).
B.      Analysis
          Here, appellant contends that this is one of those “rare cases” in which the
record is sufficient to show that counsel’s performance was deficient. Having
thoroughly reviewed the record, we disagree.
          1.       Failure to file pre-trial motions
          Appellant first contends that his trial counsel failed to file any pre-trial motions
for discovery. The mere failure to file pretrial motions does not categorically
constitute ineffective assistance. Autry v. State, 27 S.W.3d 177, 182 (Tex. App.—San
Antonio 2000, pet. ref’d). Unless appellant shows that a pretrial motion had merit
and that a ruling on the motion would have changed the outcome of the case, counsel
will not be ineffective for failing to assert the motion. Jackson v. State, 973 S.W.2d
954, 957 (Tex. Crim. App. 1998). Here, appellant contends that pre-trial discovery
motions “would have disclosed pertinent information regarding the out-of-court
identifications (both the photo and the live line-ups) and the sketch.” Appellant does
not state the substance of the “pertinent information” or show how such information
would have changed the outcome of the case. 
          Appellant next contends that his trial counsel “should have filed a motion to
suppress and/or objected at trial to the admission of the business records of Civil
Mechanics, Inc., and the Pam Motel, the sketch, and the out-of-court identifications
and objected to the admission of the in-court identification.” 
           To show that trial counsel was ineffective for failing to file a motion to
suppress, appellant must show that the motion would have been granted. Id. In
addition, before we may conclude that trial counsel was ineffective for failing to
object, appellant must show that if he had objected, the trial court would have erred
by overruling the objection. See Jagaroo v. State, 180 S.W.3d 793, 800 (Tex.
App.—Houston [14th Dist.] 2005, pet. ref’d). 
          a.       Business records
          The trial court admitted the business records of Civil Mechanics, Inc., which
are appellant’s payroll and attendance records covering the time of the incident.
Appellant contends that the trial court would have granted a motion to suppress or
sustained an objection to the admission of these records because the affidavit that was
on file with the clerk’s office was not physically attached to the records in
conformance with Rule of Evidence 902(10)(a).
          In addition, the trial court admitted the business records of the Pam Motel,
which showed that appellant was staying in close proximity to Robinson’s residence
at the time of the incident. Appellant contends that the trial court would have granted
a motion to suppress or sustained an objection to the admission of these records
because the affidavit lacked the cause number and therefore it did not substantially
comply with Rule 902(10)(b). 
          Rule 902(10) provides in pertinent part, as follows:
          (a)     . . . . Any record . . . which would be admissible under Rule
803(6) or (7) shall be admissible in evidence . . . upon the
affidavit of the person who would otherwise provide the
prerequisites of Rule 803(6) or (7), that such records attached to
such affidavit were in fact so kept as required by Rule 803(6) or
(7), provided further, that such record or records along with such
affidavit are filed with the clerk of the court for inclusion with the
papers in the cause in which the record or records are sought to be
used as evidence at least fourteen days prior to the day upon
which trial of said cause commences, and provided the other
parties to said cause are given prompt notice by the party filing
same . . . . 
 
Tex. R. Evid. 902(10)(a). Rule 902(10)(b) sets out the form for the affidavit,
provides that it is not the exclusive form, and states that an affidavit that substantially
complies is sufficient. Id. 902(10)(b).
          Stated generally, Rule 803(6) provides that a business record is not excluded
by the hearsay rule if, “as shown by the testimony of the custodian or other qualified
witness, or by affidavit that complies with Rule 902(10),” the record was made at or
near the time of the event by a person with knowledge, if kept in the course of a
regularly conducted business activity, and if it was the regular practice of that
business to make that record. Tex. R. Evid. 803(6).
          Here, with regard to the business records of Civil Mechanics, Inc., the clerk’s
record shows that the State filed notice of its intent to use the records, along with an
affidavit of the custodian of records of Civil Mechanics, Inc., that tracks verbatim
Rule 902(10)(b). The records are not physically attached to the affidavit in the clerk’s
record but are included in the record of exhibits. As the State contends, even if we
conclude that it was error for the records to have been admitted without being
formally attached to the affidavit in the record, we cannot conclude that appellant was
harmed. Appellant’s girlfriend, Watts, testified before the jury that appellant was not
at work on January 23, 2006, the date of the incident.
          With regard to the business records of the Pam Motel, the clerk’s record shows
that the State filed notice of its intent to use the records, along with the affidavit of
a custodian of records of the Pam Motel and copies of the guest registration
cards—one bearing appellant’s signature and one bearing the signature of appellant’s
girlfriend, Watts. The affidavit tracks verbatim the language at Rule 902(10)(b), with
the exception of the style and cause number. Substantial compliance is sufficient
under Rule 902. See Tex. R. Evid. 902(10)(b). Furthermore, nothing in Rule
902(10)(b) makes the lack of a cause number fatal, and appellant has not provided
any such authority. Moreover, the record shows that a custodian of records for the
Pam Motel, Linda Kaur, testified at trial concerning the records and that appellant
was a guest at the motel at the time of the incident. Hence, the record was admissible
under Rule 803(6), notwithstanding the sufficiency of the affidavit. 
          b.       Sketch
          Appellant next contends that the trial court would have granted a motion to
suppress or sustained an objection to the admission of the sketch created by Kraemer,
the criminal investigator, “based on relevance and its prejudicial nature.”
          Kraemer testified that, once a forensic sketch is completed, the witness is asked
to rate how accurately the sketch depicts the assailant on a scale “0 to 10.” A score
of “0” means that the sketch bears no likeness to the assailant; a score of “10” means
that the sketch is the exact likeness. Kraemer explained that this scoring system aids
law enforcement in locating a suspect.
          Appellant contends that the notation on the sketch in this case shows that
Robinson rated the sketch a “5.” In addition, appellant contends that the sketch
“looked more like Appellant than the actual assailant” and was therefore prejudicial. 
Appellant seems to contend that, because the sketch was not rated higher and because
it looks like him, it was inadmissible. Appellant has failed to direct us to any
authority supporting his contention.
          c.       Identifications
          Finally, appellant contends that the trial court would have granted a motion to
suppress or would have sustained objections to testimony concerning “all the
identifications.” Appellant complains of an impermissibly suggestive photo line-up. 
However, as the State contends, no photo line-up was entered into evidence at trial,
Detective Harris testified that he was unaware whether a photo line-up was
conducted, and Robinson testified that she was never shown a photo line-up. 
          Appellant complains of an impermissibly suggestive live line-up. Specifically,
appellant asserts that he was the only Hispanic placed in the live line-up after
Robinson reported to the police that she thought that the assailant was Hispanic. 
Appellant does not direct us to any place in the record, however, that supports his
contention that he was the only person of Hispanic descent in the live line-up.
          In sum, we cannot conclude on the record before us that trial counsel was
ineffective for failing to file motions to suppress the complained-of evidence because
appellant has not shown that such motions would have been granted. See Jackson,
973 S.W.2d at 957. In addition, we cannot conclude that trial counsel was ineffective
for failing to enter the objections appellant now urges because appellant has not
shown that if his trial counsel had objected, the trial court would have erred by
overruling the objection. See Jagaroo, 180 S.W.3d at 800. 
2.       Failure to subpoena a police officer who conducted a photo line-up
          In a related contention, appellant contends that his trial counsel failed to
subpoena “Sergeant Detective John Bernard who conducted the photo line-up.” 
Again, nothing in the record before us supports appellant’s contention that a photo
line-up was conducted. 
3.       Trial preparation time
          Appellant next contends that the assistance of his counsel was deficient
because counsel spent an insufficient amount of time in preparation for trial. 
Appellant directs us to Racer’s Attorney Fee Voucher in the clerk’s record, which
contains a notation that Racer, as an appointed attorney in this case, billed “1.50”
hours for trial preparation. Appellant does not provide any argument or direct us to
any authority holding that a specific amount of time is expected or required in a
particular type of case. We cannot conclude on the bare notation in the fee voucher
that the time expended in this case rendered counsel’s assistance per se ineffective.
4.       Striking a member of the venire
          Appellant next contends that, “during voir dire, panelist number 22 made a
biased statement against the defense and trial counsel neither made an adequate probe
into his response nor attempted to have him struck for cause or use his peremptory
strike, which allowed the panelist to be seated on the jury.” Specifically, appellant
complains that when venire member 22 was asked whether he “would rather have
[one] innocent person go to prison than set 99 free,” the panelist replied, “Yeah.” 
Appellant contends that his trial counsel’s inaction during voir dire constituted
ineffective assistance, relying on Nelson v. State, 832 S.W.2d 762, 766–67 (Tex.
App.—Houston [1st Dist.] 1992, no pet.) (concluding that failure to object to
prospective juror who expressed presumption of defendant’s guilt constituted
ineffective assistance of counsel because failure to understand that biased jurors were
prohibited from serving on jury was unreasonable).
          Since Nelson, however, the Court of Criminal Appeals has held that a failure
to challenge or strike an admittedly partial venire member does not constitute
ineffective assistance of counsel. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994); see also Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). 
In Jackson, a robbery case, a venire member voiced, during voir dire, that someone
had recently broken into his home and that the incident would affect his ability to be
impartial. Jackson, 877 S.W.2d at 769. Defense counsel did not challenge the venire
member for cause or use a peremptory strike. Id. Ultimately, the venire member was
seated on the jury. Id. The appellate court reversed the conviction, concluding that
the failure of appellant’s trial counsel to challenge or strike the venire member on the
basis of his stated impartiality constituted ineffective assistance. Id. at 770. On the
State’s petition for review, the Court of Criminal Appeals reversed the court of
appeals, reasoning that the record was silent as to counsel’s reasons for not
challenging the venire member and that there was no need to speculate as to those
reasons. The court applied the Strickland presumption, that counsel is better
positioned to judge the pragmatism of the particular case, and held that it was unable
to conclude that counsel’s performance was deficient. Id. at 771.
          Here, as in Jackson, the record is silent regarding the motivations of counsel
in not challenging or striking venire member 22, and we may not speculate. See id.;
Gibbs v. State, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d).
Without any testimony from trial counsel, we must presume counsel had a plausible
reason for his actions and that he acted within the range of reasonable professional
assistance. See Gibbs, 7 S.W.3d at 179.
5.       Failure to cross-examine a witness about the live line-up
          Appellant next contends that his trial counsel repeatedly questioned Officer S.
Harris about the photo line-up, of which Harris testified he had no knowledge, and
neglected to examine Officer Harris about the live line-up that was conducted. 
          The record shows that the State examined Officer Harris concerning the
procedures used in the live line-up. Defense counsel then cross-examined Officer
Harris concerning whether he knew if a photo line-up had been conducted, to which
Harris responded in the negative. Defense counsel then asked a series of questions
concerning the live line-up that focused on how Robinson got to the police station,
whether she was alone during the line-up, and what was said to her. Hence, the
record shows that trial counsel did not fail to cross-examine Officer Harris. Because
there was not a motion for new trial filed in this case, the record is undeveloped
concerning the basis for the particular substance of counsel’s questions, or lack
thereof, and we need not speculate. See Jackson, 877 S.W.2d at 771.
6.       Failure to make certain objections at punishment 
          Finally, appellant contends that his trial counsel was ineffective because,
during punishment, he failed to object to the admission of certain prior convictions. 
Specifically, appellant contends that his trial counsel failed to object to the admission
of (a) exhibits 19–30, which the State failed to show were convictions of appellant;
(b) exhibits 21, 22, and 24, which contained details of the offenses; (c) exhibit 19, in
which appellant did not voluntarily waive his right to counsel and was unaware of the
range of punishment; and (d) exhibit 23, which lacked a judgment and sentence
confirming a conviction.
          Exhibits 21, 22, and 24 are felony DWI offenses used by the State for
enhancement purposes and to which appellant pleaded “true.” The remaining
convictions or bad acts were not used for enhancement purposes but were introduced
at punishment, as the State explained in its opening statement, to support its request
for a severe punishment. With one exception, these remaining convictions or bad acts
were for DWI, unauthorized use of a motor vehicle, driving while license suspended,
and evading arrest. The exception, exhibit 20, is a 1991 deferred adjudication
probation for assault and for which the finding of guilt was ultimately set aside.
          Texas Code of Criminal Procedure article 37.07 section 3(a), which, in addition
to the Rules of Evidence, governs the admissibility of evidence during the
punishment stage, provides as follows, in pertinent part:
Regardless of the plea and whether the punishment be assessed by the
judge or the jury, evidence may be offered by the state and the defendant
as to any matter the court deems relevant to sentencing, including but
not limited to the prior criminal record of the defendant, his general
reputation, his character, an opinion regarding his character, the
circumstances of the offense for which he is being tried, and,
notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other
evidence of an extraneous crime or bad act that is shown beyond a
reasonable doubt by evidence to have been committed by the defendant
or for which he could be held criminally responsible, regardless of
whether he has been previously charged with or finally convicted of the
crime or act.
 
Tex. Code Crim. Proc. Ann. art. 37.07 (3)(a)(1) (Vernon Supp. 2007). 
          In applying article 37.07(3)(a), the Court of Criminal Appeals has explained
that “because the jury’s decision in a non-capital case does not involve a discrete
finding, the relevance of evidence cannot be determined by a deductive process but
rather is a function of policy.” Erazo v. State, 144 S.W.3d 487, 491 (Tex. Crim. App.
2004). The policies that operate during the punishment phase of a non-capital trial
include (1) giving complete information to the jury to allow it to tailor an appropriate
sentence for the defendant; (2) the rule of optional completeness; and (3) whether the
appellant admits the truth during the sentencing phase. Id. “Relevance during the
punishment phase of a non-capital trial is determined by what is helpful to the jury.”
Id. The trial court “must still restrict the admission of evidence to that which is
‘relevant to sentencing’—in other words, a trial judge must operate within the bounds
of Texas Rules of Evidence 401, 402, and 403.” Ellison v. State, 201 S.W.3d 714,
721–22 (Tex. Crim. App. 2006).
          Here, in his opening statement at punishment, defense counsel explained to the
jury that they would hear about appellant’s prior criminal history and that appellant
had “certainly faced up to the prior issues with the law.” Counsel went on to affirm
that appellant had “certainly done that in the past, pled guilty,” and that the jury
would “see the judgment.” Counsel asked the jury to keep an open mind and to be
fair. 
          The judgments in appellant’s prior convictions are relevant to show the
existence of those prior convictions. See Rogers v. State, 991 S.W.2d 263, 265–66
(Tex. Crim. App. 1999). In addition, article 37.07, section 3(a), allows the details of
any bad act to be considered during sentencing and a final conviction is not required.
See Tex. Code Crim. Proc. Ann. art. 3(a)(1); Davis v. State, 968 S.W.2d 368, 372
(Tex. Crim. App. 1998); see also Keen v. State, No. 05-98-01381-CR, 2000 WL
222256, at *8 (Tex. App.—Dallas Feb. 28, 2000, pet. ref’d) (mem. op.) (not
designated for publication). 
          Applying policy considerations, appellant’s multiple violations for DWI,
unauthorized use of a motor vehicle, driving while license suspended, and evading
arrest demonstrate an unwillingness to conform that punishments in the past have not
curtailed. The record of appellant’s only related prior offense, that of assault,
however, demonstrates that he successfully served his period of community
supervision and the finding of guilt was ultimately set aside. These factors give
complete information to the jury to allow it to tailor an appropriate sentence for the
defendant and to show that the appellant admits the truth during the sentencing phase.
See Erazo, 144 S.W.3d at 491.
          We cannot conclude that no reasonable strategy would explain counsel’s
actions in allowing this evidence to come in or that the trial court would have erred
by overruling defense counsel’s objections, had they been raised. See Goodspeed,
187 S.W.3d at 392; Jagaroo, 180 S.W.3d at 800. 
          Furthermore, the record is silent regarding the motivations of counsel. Without
any testimony from trial counsel, we must presume counsel had a plausible reason for
his actions, and we are not permitted to speculate. See Gibbs, 7 S.W.3d at 179. 
Appellant, therefore, has failed to overcome the strong presumption that his trial
counsel acted within the range of reasonable professional assistance. See id.
          In sum, appellant failed to file a motion for new trial, and therefore failed to
develop a record regarding trial counsel’s strategy. See Kemp v. State, 892 S.W.2d
112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d.). Nevertheless, a thorough
review of the record shows that appellant was not denied effective assistance of
counsel.
          Accordingly, appellant’s first point of error is overruled.
Prior Convictions
          In his second through fifth points of error, appellant contends that, during
punishment, the trial court improperly admitted evidence of appellant’s prior
convictions. Specifically, in his second point of error, appellant contends that the
“evidence was insufficient to show that appellant was the same person previously
convicted in twelve (12) offenses presented by the State and admitted into evidence
for punishment purposes.” In his third point of error, appellant contends that, “[a]t
punishment, the jury was improperly provided with the details of three prior
offenses.” In his fourth point of error, appellant contends that “[a] prior conviction
in which appellant did not ‘voluntarily, knowingly, and intelligently’ waive his right
to counsel or know the range of punishment was improperly admitted for punishment
purposes.” In his fifth point of error, appellant contends that “[a] prior conviction in
which the appellee failed to provide evidence of a judgment was improperly admitted
for punishment purposes.”
          Appellant combines his second through fifth points of error into one point and
presents a total of three sentences of discussion in which he requests that this court
“refer to the relevant testimony provided in section 2(D) in Point of Error One” and
to “pages 16–18 of Point of Error One.” We construe appellant’s contentions,
collectively, to be that evidence of his prior convictions was improperly admitted and,
likewise, we combine the analyses. 
          We review a trial court’s ruling on the admissibility of evidence for an abuse
of discretion. Mozon v. State, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999). We must
uphold the trial court’s ruling if it lies within the zone of reasonable disagreement.
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).
          At punishment, appellant pleaded true to the three enhancement paragraphs
alleged in the indictment. The State then presented evidence of nine other prior
convictions, which the State did not seek to use for enhancement purposes and to
which appellant did not plead during punishment. 
          As appellant complains in his first point of error, and as the record reflects,
appellant failed to object to the evidence of these prior convictions when they were
admitted at trial and, as such, his contentions are waived. See Tex. R. App. P. 33.1.
          Accordingly, we overrule appellant’s second through fifth points of error.

Conclusion
          We affirm the judgment of the trial court. 





                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).