Affirmed and Memorandum Opinion filed February 5, 2009








Affirmed and Memorandum Opinion filed February 5, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-01039-CR

NO. 14-07-01040-CR

_______________

 

MICHAEL LUIS NIEVES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 122nd District Court

 Galveston County, Texas

Trial Court Cause Nos. 05CR1584 &
05CR1585

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N








Appellant,
Michael Luis Nieves, was charged with murder and aggravated assault arising out
of an incident involving two complainants.  The cases were consolidated for
trial.  At trial, appellant did not dispute he shot both complainants but
claimed he acted in self-defense.  A jury convicted appellant of both offenses,
found an enhancement paragraph was true, and assessed a sentence of ninety-nine
years= confinement for each offense. 
Appellant=s complaints on appeal pertain to the punishment phase of the trial.  In
three issues, appellant contends the trial court erred by admitting Avictim-impact@ testimony and appellant received
ineffective assistance of counsel.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4. 

Admission of AVictim-Impact@ Testimony

In his
first and second issues, appellant contends the trial court erred by admitting Avictim-impact@ testimony from two witnesses during
the punishment phase:  the murdered complainant=s sister and the mother of this
complainant=s child.  Although presented as testimony, these witnesses provided
narratives directed at appellant.  In essence, the witnesses explained the
effect of the complainant=s death on his family, praised the complainant=s positive character traits, and
scorned appellant=s self-defense claim.

Appellant
contends the trial court violated Texas Code of Criminal Procedure article
42.03 and Texas Rule of Evidence 403 by admitting this testimony.  See
Tex. Code Crim. Proc. Ann. art. 42.03 '1(b) (Vernon Supp. 2008) (generally
permitting close relative of deceased victim to personally appear, after 
sentence is pronounced, and present to court and defendant Astatement of the person=s views about the offense, the
defendant, and the effect of the offense on the victim@);[1]
Tex. R. Evid. 403 (providing relevant evidence Amay be excluded if its probative
value is substantially outweighed by danger of unfair prejudice@).








However,
appellant failed to preserve error on these complaints because he did not 
object to the testimony of either witness.  See Tex. R. App. P. 33.1(a)
(providing, to preserve error for appellate review, a party must make timely,
specific objection and obtain adverse ruling); Guevara v. State, 97
S.W.3d 579, 583B84 (Tex. Crim. App. 2003) (holding defendant waived complaint
regarding admission of victim-impact testimony during punishment stage by
failing to lodge proper objection).  Accordingly, we overrule appellant=s first and second issues.

Ineffective-Assistance-of-Counsel Claim

In his
third issue, appellant contends he received ineffective assistance of counsel
because his counsel failed to object to the above-cited testimony.  To prevail
on an ineffective-assistance claim, an appellant must prove (1) counsel=s representation fell below the
objective standard of reasonableness, and (2) there is a reasonable probability
that, but for counsel=s deficiency, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  

In
considering an ineffective-assistance claim, we indulge a strong presumption
that counsel=s actions fell within the wide range of reasonable professional behavior
because they were motivated by sound trial strategy.  See Strickland,
466 U.S. at 689; Thompson, 9 S.W.3d at 813; Jackson v. State, 877
S.W.2d 768, 771 (Tex.Crim. App. 1994).  To overcome this presumption, a claim
of ineffective assistance must be firmly demonstrated in the record.  Thompson,
9 S.W.3d at 814.  In most cases, direct appeal is an inadequate vehicle for
raising such a claim because the record is generally undeveloped and cannot
adequately reflect the motives behind trial counsel=s actions.  See Rylander v.
State, 101 S.W.3d 107, 110B11 (Tex. Crim. App. 2003); Thompson, 9 S.W.3d at 813B14.  When the record is silent
regarding trial counsel=s strategy, we will not find deficient performance unless the
challenged conduct was Aso outrageous that no competent attorney would have engaged
in it.@  Goodspeed v. State, 187
S.W.3d 390, 392 (Tex. Crim. App. 2005); Jagaroo v. State, 180 S.W.3d
793, 797 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).








Appellant
does not cite any portion of the record containing an explanation for his
counsel=s failure to object to the testimony
at issue.  Moreover, counsel=s actions may have been sound trial strategy.  In particular,
when counsel cross-examined the complainant=s sister, counsel elicited somewhat
negative testimony regarding the complainant=s character.  Thus, counsel may have
purposely refrained from objecting to the sister=s direct examination so that counsel
could elicit this negative testimony without objection.  

Further,
during the punishment phase, appellant presented testimony from three of his
family members and his own testimony, in which he apologized to the complainant=s family.  During closing argument,
appellant=s counsel acknowledged the effect of appellant=s actions on the complainant=s family but emphasized his remorse. 
Consequently, counsel may have decided to focus on presenting appellant=s own evidence instead of objecting
to testimony of the State=s witnesses.  Therefore, we cannot conclude counsel=s conduct was so outrageous that no
competent attorney would have engaged in it.  Accordingly, appellant has not
rebutted the strong presumption that counsel=s decision was based on sound trial
strategy.  Because appellant failed to establish his ineffective-assistance
claim, we overrule his third issue.

The
judgments of the trial court are affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Article 42.03 does not address whether such a
statement is admissible for purposes of assessing punishment.  See Tex.
Code Crim. Proc. Ann. art. 42.03 '1(b). 
Appellant suggests this article must preclude admission of such evidence by
allowing a statement after sentence is pronounced.  Because appellant
failed to preserve error on his complaint, we need not discuss the extent to
which such evidence is admissible for purposes of assessing punishment.