**Opinion issued February 11, 2016**



In The

# Court of Appeals

For The

## First District of Texas

———————————

**NO. 01-15-00484-CR**

**NO. 01-15-00485-CR**

———————————

**CHRISTIAN AVERY NORRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1432555 and 1432805**

---

### MEMORANDUM OPINION

Christian Norris pled guilty to violating a protective order and assault on a family member, second offense, without an agreed recommendation for punishment from the State. Following a presentence investigation (PSI) hearing,

the trial court assessed his punishment at four years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 22.01(b)(2)(A), 25.07 (West 2011 & Supp. 2015). He appeals his conviction, contending that his trial counsel was ineffective. We affirm.

## BACKGROUND

In 2012, Christian Norris pled guilty to assaulting Joriana Prespentt, the mother of his child, with whom he had an intermittent romantic relationship. The court issued a protective order prohibiting Norris from contacting, harassing, threatening, or assaulting Prespentt for two years.

In 2014, before the protective order expired, Prespentt invited Norris to spend the night with her and their daughter. Early in the morning, upon finding text messages and pictures from another man on Prespentt's phone, Norris got angry. According to Prespentt, he questioned her about the messages. When she ignored him, he began yelling at her, pushing her on the bed and squeezing her arms. Norris then smashed Prespentt's phone. After Prespentt asked Norris to leave, Norris picked up their daughter, telling Prespentt that he was taking their daughter away. A struggle ensued, in which Norris tried to leave with the girl and Prespentt tried to stop him. In this struggle, Norris pushed Prespentt into a toilet and again into the stairway banister, breaking one of its supports. Over Prespentt's resistance, Norris put their daughter in his car and drove away.

In his account, Norris conceded that he had gotten into an argument with Prespentt over the text messages and pictures that she had received. He claimed that when Prespentt tried to stop him from leaving with their daughter, he grabbed Prespentt's hands and forced her to the bed. Norris explained that when he went to retrieve his bag as he left, Prespentt fell and dropped her phone in the toilet.

Norris was charged with assault on a family member, second offense, and violating a protective order. Declining a plea bargain offer of four years' imprisonment, Norris pled guilty without a recommendation on punishment by the State. A presentence investigation report was prepared, which contained Prespentt's and Norris's respective accounts, Norris's social history, and character reference letters in support of Norris. The trial court conducted a punishment hearing, in which Prespentt and Norris testified. After reviewing the report and hearing the parties' arguments, the trial court assessed Norris's punishment at four years' imprisonment.

## DISCUSSION

To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) his counsel's performance was deficient and (2) a reasonable probability exists that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2065 (1984); *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). A defendant

3

has the burden to establish both prongs by a preponderance of the evidence; failure to make either showing defeats his ineffectiveness claim. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). We apply a strong presumption that counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We presume trial counsel's actions were reasonably professional and motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Johnson v. State*, 176 S.W.3d 74, 78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Furthermore, a claim of ineffective assistance must be firmly supported in the record. *Thompson*, 9 S.W.3d at 813. Where the record does not offer an explanation for trial counsel's actions, we must presume that counsel made all significant decisions in the exercise of reasonable professional judgment. *Jackson*, 877 S.W.2d at 771; *Broussard v. State*, 68 S.W.3d 197, 199 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

Norris contends that his trial counsel did not (1) introduce mitigating evidence, (2) introduce evidence of his probation eligibility, or (3) argue that Norris should be sentenced to probation, and that in failing to do so, his trial counsel was ineffective.

1. Failure to Introduce Mitigating Evidence

Norris complains that his trial counsel should have presented mitigating evidence apart from Norris's own testimony at his punishment hearing. Norris

4

claims that his counsel failed to introduce any evidence that could counteract the State's evidence of his bad character. He asserts that there was mitigating evidence available, citing mitigating evidence in the clerk's record and noting testimony in the record indicating that his mother was present and could have testified.

Usually, the record on direct appeal will not be sufficient to support an ineffective assistance claim. *See Thompson*, 9 S.W.3d 808, 814–15 (citing *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998)) ("In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel."). In the context of allegations that the defendant's trial counsel failed to call certain witnesses, this is because the record does not show what witnesses trial counsel could have called and how their testimony would have benefitted the defendant's case. *Ex parte McFarland*, 163 S.W.3d 742, 758 (Tex. Crim. App. 2005); *Brooks v. State*, 357 S.W.3d 777, 791–92 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

In *Jagaroo v. State*, our sister court was presented with a similar claim that Jagaroo's counsel was ineffective for failing to present mitigation evidence at Jagaroo's punishment hearing. 180 S.W.3d 793, 799–800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). The court noted that positive reference letters were attached to the defendant's presentence investigation report, which was admitted

5

into evidence. *Id.* Noting that Jagaroo had not filed a motion for new trial or pointed to any mitigating evidence beyond that presented to the trial court, the appellate court held that Jagaroo had failed to show that his counsel's performance was deficient. *Id.*

As in *Jagaroo*, the trial court in this case had mitigating evidence before it in the form of character reference letters, vitiating Norris's complaint that his counsel completely failed to present evidence in mitigation. *See id.* Norris also has failed to show the substance of the mitigating evidence his trial counsel should have presented and how it could have benefitted him. *See id.* To prove that trial counsel erred by failing to call certain witnesses, the defendant must show what witnesses he would have called and how their testimony would have benefitted him. *McFarland*, 163 S.W.3d at 758; *Brooks*, 357 S.W.3d at 79. Norris identifies no witnesses who could have testified in his defense, apart from his mother, and the record is silent as to what his mother would have said. Thus, Norris cannot show that his trial counsel was ineffective. *See id.*; *McFarland*, 163 S.W.3d at 758; *Brooks*, 357 S.W.3d at 792.

2. Failure to Prove Probation Eligibility

Norris further complains that his trial counsel should have presented evidence that he was eligible for probation at his punishment hearing. Norris cites *Ware v. State*, in which the Waco Court of Appeals held that the defendant's trial

6

counsel was ineffective for failing to prove his probation eligibility. 875 S.W.2d 432, 438 (Tex. App.—Waco 1994, pet. ref'd). In *Ware*, however, a jury assessed punishment. *Id.* at 433. A jury may only assess probation if it finds that the defendant has not previously been convicted of a felony. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 4(e) (West 2007 & Supp. 2015). A defendant who elects to be sentenced by the trial judge, as Norris did, may be eligible for probation even if he has been previously convicted of a felony. *Id.* § 3. Thus, because Norris was eligible for probation and did not have to prove that he had not been convicted of a felony to be eligible for probation, his counsel was not ineffective for failing to make such proof. *Id.*

3. Failure to Argue for Probation or Deferred Adjudication

Finally, Norris contends that his counsel was ineffective because he argued as follows:

> I'm going to suggest to the Court that some time in jail is necessary for Mr. Norris in order to—for the Court to impress on him the fact that when this Court tells you something, it means it. And I'm not talking about a short term of county jail.
> I'm going to ask the Court, however, to grant him deferred adjudication after he's spent some time in jail learning that he better abide by what this Court says.

Norris interprets this as a request for a lengthy prison sentence instead of probation or deferred adjudication. He contends that because his trial counsel did

not argue that Norris should be sentenced to probation or deferred adjudication, he was denied effective assistance. Norris's trial counsel clearly asked, however, that Norris be given "a significant amount of time in jail *as a condition of a deferred adjudication*."

Further, Norris's counsel was not ineffective for conceding that he should spend some time in jail. This was Norris's second conviction for assault against a family member, making a sentence of straight probation or deferred adjudication less likely. Norris's counsel may have conceded that Norris, a repeat offender, should be sentenced to some jail time to establish his credibility in asking the judge for a light sentence. *See Riley v. Cockrell*, 339 F.3d 308, 317 (5th Cir. 2003) (quoting *Carter v. Johnson*, 131 F.3d 452, 466 (5th Cir. 1997)) ("To establish credibility with the jury, counsel may make a tactical decision to 'acknowledge the defendant's culpability and may even concede that the jury would be justified in imposing the death penalty.'"). Because we presume that counsel's actions were motivated by sound trial strategy, we hold that Norris has failed to meet his burden to demonstrate that his trial counsel was ineffective. *See Jackson*, 877 S.W.2d at 771; *Johnson*, 176 S.W.3d at 78.

## Conclusion

Finding that Norris failed to satisfy the *Strickland* burden, we affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Jennings, Keyes, and Bland.

Do not publish. *See* TEX. R. APP. P. 47.2(b).