# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00211-CR

---

**Jerome Patrick Rumsey, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 20-1424-K26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Jerome Patrick Rumsey was charged with the third-degree-felony offense of stalking and entered an open plea of guilty to that offense. *See* Tex. Penal Code § 42.072(a) (defining offense of stalking), (b) (providing that offense is third-degree felony unless defendant has prior conviction for stalking or certain other offenses). The district court assessed Rumsey's punishment at eight years' imprisonment. *See id.* § 12.34. On appeal, Rumsey contends that his sentence was an abuse of the district court's discretion and disproportionate to the seriousness of his offense and, further, that he received ineffective assistance from trial counsel. We will affirm the district court's judgment of conviction.

# BACKGROUND[1]

During the plea hearing, the district court recited the felony charge against Rumsey and explained the applicable range of punishment to him:

> The Court: You were indicted on November the 12th of 2020. That indictment alleges that on or about the 11th day of June, 2020, you did then and there, pursuant to the same scheme or course of conduct directed specifically at Samantha Phillips, knowingly engage in conduct that constituted an offense under Section 42.07 of the Texas Penal Code, namely, sending Samantha Phillips and her family over 1,000 texts and sending Samantha Phillips's family and employer nude images of Samantha Phillips, and your conduct would cause a reasonable person and did cause Samantha Phillips to be placed in fear of bodily injury or death or feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended.
>
> How do you plead to that charge, sir? It's a third[-]degree felony punishable from two to ten years['] confinement in prison and up to a $10,000 fine. What is your plea?
>
> Rumsey: Guilty, Your Honor.

After finding that Rumsey's guilty plea was freely and voluntarily entered and that the evidence substantiated his guilt, the district court conducted a hearing on punishment, which was assessed at eight years' imprisonment. Rumsey then filed a motion for new trial asserting that the punishment violated the prohibitions against cruel and unusual punishment in the Eighth Amendment of the United States Constitution and in Article 1, Section 13 of the Texas Constitution. The district court denied the motion. This appeal followed.

---

[1] Because the parties are familiar with the facts of this case and because there is no challenge to the sufficiency of the evidence supporting Rumsey's conviction, detailed recitation of the facts underlying his conviction is unnecessary to our disposition of the appellate issues. *See* Tex. R. App. P. 47.1.

**DISCUSSION**

**Punishment Complaints Not Preserved**

In his first and second issues, Rumsey contends that his punishment was "arbitrarily or unreasonably" imposed and "grossly disproportional" to the seriousness of his offense, in violation of the Eighth Amendment to the United States Constitution and Article 1, Section 13 of the Texas Constitution. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 13. The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." *Id.*; *see Robinson v. California*, 370 U.S. 660, 675 (1962); *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010). The Eighth Amendment's prohibitions are made applicable to state-court punishments by the Due Process Clause of the Fourteenth Amendment. *See* U.S. Const. amend. XIV; *Robinson*, 370 U.S. at 675; *Meadoux*, 325 S.W.3d at 193. The Texas Constitution similarly prohibits "cruel or unusual punishments." Tex. Const. art. I, § 13.[2]

"A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced." *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013). A defendant "may raise a sentencing issue in a motion for new trial for the first time only if the [defendant] did not have the opportunity to object in the punishment hearing." *Id.* at 577 n.4. Failure to complain about an allegedly disproportionate sentence in the trial court forfeits the error on appeal. *See, e.g.*, *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (concluding that defendant failed to present complaint that his sentence violated Texas

---

[2] "The Texas Constitution proscribes 'cruel or unusual punishments' while the Eighth Amendment prohibits 'cruel and unusual punishments,'" but the Court of Criminal Appeals has found "no significance in the difference" between the phrasing of these analogous provisions. *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997). Based on this authority, we consider Rumsey's cruel-and-unusual-punishment complaints together.

3

Constitution's protection against cruel or unusual punishment); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (concluding that Eighth Amendment complaints are forfeited if not raised in trial court); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (noting that "[c]laims of cruel and unusual punishment must be presented in a timely manner" and "[b]ecause the complaint was not timely made, the claim has been waived"); *see also* Tex. R. App. P. 33.1(a).

Here, Rumsey failed to present any complaint about his sentence—that his sentence was disproportionate to the seriousness of his offense or violative of the United States or Texas Constitutions—to the district court during the punishment hearing. Rumsey does not contend, and the record does not indicate, that he lacked the opportunity to raise such objections to his sentence when it was pronounced during the punishment hearing. Thus, we conclude that Rumsey failed to preserve his first and second issues for our review. *See* Tex. R. App. P. 33.1(a).

**Ineffective-Assistance-of-Counsel Complaints**

Relatedly, Rumsey contends that his trial counsel was ineffective for failing to object to the eight-year sentence as an unconstitutionally "cruel and unusual punishment." An ineffective-assistance-of-counsel claim requires the defendant to prove (1) counsel's deficient performance and (2) prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). The deficient-performance component of the *Strickland* standard requires the defendant to prove by a preponderance of the evidence that his counsel's performance fell below the standard of prevailing professional norms. 466 U.S. at 688; *Perez*, 310 S.W.3d at 893. Our review of defense counsel's performance is "highly deferential," and there is a "strong presumption" that

4

counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Perez*, 310 S.W.3d at 893. To rebut that presumption, a defendant's ineffective-assistance claim must be "firmly founded in the record," and the record "must affirmatively demonstrate" the meritorious nature of the claim. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

The prejudice component of the *Strickland* standard requires proof by a preponderance of evidence that but for counsel's deficiency, there is a reasonable probability—sufficient to undermine confidence in the outcome—that the result of the trial would have been different. 466 U.S. at 694; *Perez*, 310 S.W.3d at 893. If the deficient performance might have affected a punishment assessment, the prejudice issue is whether there is a reasonable probability that, absent the errors, the sentencer would have assessed a more lenient punishment. *See Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 694; *Perez*, 310 S.W.3d at 894. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700; *see Perez*, 310 S.W.3d at 893.

Ordinarily, trial counsel should be afforded an opportunity to explain his actions before being denounced as ineffective. *Goodspeed*, 187 S.W.3d at 392. We should not find deficient performance without affording counsel that opportunity unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (internal quotation omitted). Direct appeal is usually an inadequate vehicle for raising a claim of counsel's ineffectiveness because the record is generally undeveloped. *Id.* When, as here, the record is silent on the motivations underlying defense counsel's tactical decisions, the defendant typically

cannot overcome the strong presumption that counsel's conduct was reasonable. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

A defendant raising an ineffective-assistance-of-counsel claim based on a failure to object to a pronounced sentence must show that if his counsel had objected, the trial court would have committed harmful error by overruling the objection. *Jacoby v. State*, 227 S.W.3d 128, 131 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). On this record, Rumsey cannot make that showing. The eight-year-imprisonment sentence that the district court imposed is within the applicable two-to-ten-year range of punishment for a third-degree felony offense. *See* Tex. Penal Code § 12.34 (providing punishment range of two to ten years' imprisonment for third-degree felony offenses). Moreover, during the punishment hearing the district court heard evidence of Rumsey's criminal history, including his 2018 convictions for DWI and for assault family violence committed against his wife, Samantha Phillips. Phillips, who was also the victim of Rumsey's stalking, testified that Rumsey:

- despite receiving inpatient and outpatient mental-health treatment for bipolar disorder, sometimes skipped his medication because he said that he "likes the feeling of being manic";

- sent thousands of emails to her family and employer containing her nude picture next to a picture from a pornographic website, including an exposed penis, depicting someone who resembled her;

- posted those pictures on public web sites and said that he had "posted them on every credit union in Central Texas because he didn't want [her] to ever find a job";

- posted videos to YouTube, including one sent directly to her stepfather and her cousin, in which Rumsey scrolls through all his phone communications with Phillips and shows pictures of her in underwear or lingerie;

6

- said to her, "I'm going to bury your corpse";

- abused her previously, including incidents when she was holding their child in her arms and when she was pregnant with that child; and

- was subject to protective orders that she sought and obtained against him.

Phillips further testified that that she feared Rumsey would try to kill her and their child, that her employer provided police security outside her home temporarily, and that she later moved away. Once Rumsey was in custody, Phillips was "not looking over her shoulder or checking the back seat of [her] car to see if he's there." She testified that nothing short of Rumsey's remaining in custody or prison would make her feel safe every day.

Additionally, the district court heard evidence from Rumsey's relatives that Rumsey committed the stalking offense while living in a garage apartment "right next to" his uncle, who had daily contact with Rumsey but was unaware of Rumsey's behavior. Rumsey's expert witness testified that as to the stalking offense: Rumsey "knew what he was doing was wrong"; his behavior would have continued "had he not been arrested"; and even on medications, Rumsey's stability was not entirely predictable.

As noted, the eight-year-imprisonment sentence that the district court imposed is within the applicable range of punishment for a third-degree felony offense. *See id.* § 12.34. When "the punishment assessed by the judge . . . was within the limits prescribed by the statute the punishment is not cruel and unusual within the constitutional prohibition." *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). Rumsey's sentence falls within the statutory limits, and on this silent record, we cannot conclude that defense counsel's lack of objection to the pronounced sentence fell below the standard of professional norms or that her conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*,

7

187 S.W.3d at 392; *Gavin v. State*, 404 S.W.3d 597, 606-07 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (concluding that because sentence assessed was within statutory limits, trial counsel's failure to object to sentence as cruel and unusual did not constitute ineffective assistance of counsel); *Jagaroo*, 180 S.W.3d at 801 (determining that sentence within punishment range was not cruel and unusual and stating that counsel is not ineffective by refraining from "making frivolous arguments and objections").  Nor can we conclude that if defense counsel had objected to the pronounced sentence, the district court would have committed harmful error by overruling the objection.  *See Jacoby*, 227 S.W.3d at 131; *Jagaroo*, 180 S.W.3d at 800.  We overrule Rumsey's third issue.

Lastly, Rumsey contends that defense counsel was ineffective for not filing a motion to quash the indictment alleging stalking under subsection 42.072(a) of the Penal Code because that provision of the stalking statute incorporates language from the harassment statute in subsection 42.07(a)(7) that is "unconstitutionally vague and overbroad," in violation of the First Amendment.  We disagree.

Before Rumsey entered his plea on March 3, 2021, we issued an opinion rejecting contentions that the harassment statute in subsection 42.07(a)(7) was unconstitutionally vague and overbroad in violation of the First Amendment.  *Ex parte McDonald*, 606 S.W.3d 856, 862-64 (Tex. App.—Austin 2020, pet. ref'd).  Had defense counsel filed a motion to quash on the grounds Rumsey alleges here, she would have requested a ruling from the district court contrary to our controlling precedent in *McDonald*.  Declining to file such a motion—which would have been unsuccessful under *McDonald*—did not fall below the objective standard of

reasonableness because "[c]ounsel is not required to engage in the filing of futile motions."[3] *See Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991); *Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.). Contrary to Rumsey's First Amendment arguments, the indictment was legally sufficient. When an indictment is legally sufficient, trial counsel is not ineffective for failing to file a motion to quash or object to the indictment. *See Thacker v. State*, 999 S.W.2d 56, 67 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). We overrule Rumsey's fourth issue.

## CONCLUSION

We affirm the district court's judgment of conviction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed

Filed: August 17, 2022

Do Not Publish

---

[3] The Court of Criminal Appeals later rejected similar First Amendment challenges to subsection 42.07(a)(7) of the Penal Code. *Ex parte Barton*, No. PD-1123-19, 2022 Tex. Crim. App. LEXIS 235, at *17 (Tex. Crim. App. Apr. 6, 2022) ("Since § 42.07(a)(7) does not regulate speech, and therefore does not implicate the free-speech guarantee of the First Amendment, the statute is not susceptible to an overbreadth challenge" and further, "[a]s a regulation of non-speech conduct, § 42.07(a)(7) is not facially unconstitutional because it is rationally related to a legitimate governmental interest."); *Ex parte Sanders*, No. PD-0469-19, 2022 Tex. Crim. App. LEXIS 236, at *35 (Tex. Crim. App. Apr. 6, 2022) ("We hold that on its face, § 42.07(a)(7), the electronic harassment statute, proscribes non-speech conduct that does not implicate the protections of the First Amendment, although elements of speech may be employed to commit the offense.").